United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMAD KAZEMI, individually and on behalf of a class of similarly situated individuals,<br><br>    Plaintiff,<br><br>  v.<br><br>PAYLESS SHOESOURCE INC., COLLECTIVE BRANDS, INC., and VOICE-MAIL BROADCASTING CORPORATION d/b/a VOICE & MOBILE BROADCAST CORPORATION a/k/a VMBC,<br><br>    Defendants.<br>_____/ | No. C 09-5142 MHP<br><br>**MEMORANDUM & ORDER**<br><br>**Re: Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6); Motion to Strike Class Allegations** |

    Plaintiff Mohammad Kazemi ("plaintiff") filed this class action against defendants Payless Shoesource, Inc. ("Payless"), Collective Brands, Inc. ("Collective Brands") and Voice-Mail Broadcasting Corporation ("VMBC") (collectively "defendants") alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Subject matter jurisdiction is premised on the Class Action Fairness Act. Now before the court is defendants' motion to dismiss or alternatively to strike the class allegations or order a more definite statement. Having considered the parties' arguments and submissions, the court enters the following memorandum and order.

BACKGROUND

    Plaintiff alleges that defendants transmitted or caused to be transmitted unauthorized text messages advertising Payless sales and promotions to his cellular phone via an automatic telephone

1 dialing system ("ATDS").  Docket No. 1 (Complaint) ¶¶ 15-18.  Plaintiff alleges that he received
2 one such message on or about September 29, 2009, and at least two other similar messages in the
3 twelve- month period prior to that date.  *Id.*  Plaintiff further alleges that he had not given prior
4 express consent to receive text messages from defendants, that he continued to receive text messages
5 from defendants after he contacted the company and requested that his number be removed from the
6 calling list, and that he registered his cellular phone number on the National Do Not Call Registry on
7 June 28, 2009.  *Id.* ¶¶ 19-21.

Plaintiff alleges that defendants' conduct violates sections 227(b)(1)(A)(iii) and 227(c)(5) of the TCPA.  Plaintiff brings this action on behalf of himself and the following class:  "all persons in the United States who, within four years prior to the filing of this lawsuit, received one or more text messages from defendants advertising Payless shoe promotions; provided, however, that defendants and any officers or directors of defendants are excluded from the Class."  *Id.* ¶ 22.  Plaintiff also brings this action on behalf of the following sub-class:  "all class members who received more than one text message from or on behalf of Defendants advertising Payless shoe promotions within any 12-month period."  *Id.* ¶ 23.

Plaintiff seeks an injunction prohibiting defendants from continuing their alleged conduct and  an award of actual and statutory damages, with treble damages for willful conduct.  *Id.* at 11.

LEGAL STANDARD

I.     Motion to Dismiss Pursuant to Rule 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief can be granted against that defendant.  A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim."  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory."  *Id.*  A motion to dismiss should be granted if a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This "[p]lausibility

2

1  standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a
2  defendant acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*,
3  550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief . . . [is] a
4  context-specific task that requires the reviewing court to draw on its judicial experience and
5  common sense." *Id.* at 1950. Allegations of material fact are taken as true and construed in the light
6  most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th
7  Cir. 1996). The court need not, however, accept as true pleadings that are no more than legal
8  conclusions or the "formulaic recitation of the elements" of a cause of action. *Iqbal*, 129 S. Ct. at
9  1951.

10 II.     Motion to Strike Class Allegations

11       A defendant "may move to strike class action allegations prior to discovery in rare cases
12 where the complaint itself demonstrates that the requirements for maintaining a class action cannot
13 be met." *Andrews v. Home Depot U.S.A., Inc.*, C-03-5200, 2005 WL 1490474, at *2 (D.N.J. June
14 23, 2005). However, motions to strike class allegations are disfavored because a motion for class
15 certification is a more appropriate vehicle for making arguments pertaining to the class allegations.
16 *See Thorpe v. Abbott Labs., Inc.*, 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008) (Whyte, J.);
17 *Velasquez v. HSBC Fin. Corp.*, No. C 08-4592, 2009 WL 112919, at *4 (N.D. Cal. Jan. 16, 2009)
18 (Conti, J.).

19
20 DISCUSSION

       Defendants' motion seeks one or more of three alternative rulings:  dismissal of the
21
22 complaint, an order striking the class allegations or an order requiring a more definite statement.

23 I.      Motion to Dismiss

       Defendants argue that plaintiff has insufficiently alleged a violation of section 227(b)(1)(A)
24
25 of the TCPA. That section states:

26              It shall be unlawful for any person within the United States . . . to
                make any call (other than a call made for emergency purposes or made
                with the prior express consent of the called party) using any automatic
27              telephone dialing system or an artificial or pre-recorded voice . . . to
                any telephone number assigned to a paging service, cellular telephone
28
                                                    3

       service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

47 U.S.C. § 227(b)(1)(A)(iii).

       Plaintiff alleges that defendants initiated unsolicited text messages to his cellular telephone using an ATDS. Complaint ¶ 33. The Ninth Circuit has held that "a text message is a 'call' within the meaning of the TCPA." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009). While plaintiff's allegation that defendants' equipment "had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers," Complaint ¶ 33, is a bare legal conclusion which the court need not accept as true,[1] *see Iqbal*, 129 S. Ct. at 1049-50, plaintiff's description of the received messages as being formatted in SMS short code licensed to defendants, scripted in an impersonal manner and sent en masse supports a reasonable inference that the text messages were sent using an ATDS. This is sufficient to meet federal pleading requirements. *See Abbas v. Selling Source, LLC*, No. 09 CV 3413, 2009 WL 4884471, at *3 (N.D. Ill. Dec. 14, 2009) (finding similar allegations stated a claim).

       Defendants also challenge the sufficiency of plaintiff's allegations pertaining to the alleged violation of section 227(c)(5) of the TCPA. Section 227(c) directs the Federal Communications Commission to formulate regulations to protect telephone subscribers' privacy rights, 47 U.S.C. § 227(c)(2), and authorizes the establishment of a national database to compile the numbers of telephone subscribers who object to receiving telephone solicitations, *id.* § 227(c)(3). Section 227(c)(5) establishes a private right of action in state court for a person who has received more than one telephone call within any twelve-month period by or on behalf of the same entity in violation of these regulations. A person may bring an action under section 227(c)(5) to enjoin the violation and to receive the greater of his or her actual monetary losses or up to $500 per violation. For willful and knowing violations, the court has discretion to treble the award amount. The regulations promulgated under section 227(c) prohibit the initiation of any telephone solicitation to a telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. § 64.1200(c). In addition, persons or entities initiating telephone solicitations must have

4

1  "instituted procedures for maintaining a list of persons who request not to receive telemarketing calls
2  made by or on behalf of that person or entity." *Id.* § 64.1200(d).

3        Plaintiff alleges that he received at least two unsolicited text messages from defendants
4  within the twelve month period prior to September 29, 2009, Complaint ¶ 18, and that he received at
5  least one message from defendants after registering his mobile phone number on the National Do
6  Not Call Registry on or about June 28, 2009, *id.* ¶¶ 16 & 21. These allegations support a plausible
7  inference that defendants violated a regulation prescribed under section 227(c) of the TCPA. In
8  addition, plaintiff alleges that he continued to receive unsolicited text messages from defendants
9  after requesting removal of his telephone number from their calling list. Complaint ¶ 20. Taken as
10 true, this allegation supports a plausible inference that defendants failed to institute procedures for
11 maintaining lists of individuals who request not to receive solicitation calls in violation of a
12 regulation prescribed under section 227(c).

13       Defendants also argue that plaintiff does not have a private cause of action under section
14 227(c)(5) of the TCPA. Defendants provide no support for this assertion and instead point to case
15 law relevant to the enforcement of section 227(d). Section 227(c) pertains to the protection of
16 telephone subscriber privacy rights and references the need for relevant regulations. 47 U.S.C.
17 § 227(c). Section 227(d) pertains to technical and procedural standards for calls made from fax
18 machines and ATDS equipment and also references the need for relevant regulations. *Id.* § 227(d).
19 While defendants may be correct that no private right of action is available under section 227(d) of
20 the TCPA, *Boydston v. Asset Acceptance LLC*, 496 F. Supp. 2d 1101, 1110 (N.D. Cal. 2007) (Spero,
21 Mag. J.), plaintiff's second cause of action is brought under section 227(c). This section explicitly
22 grants a private right of action based on violations of the regulations prescribed thereunder. 47
23 U.S.C. § 227(c)(5).

24       Finally, defendants argue that plaintiffs have provided no factual basis for including
25 defendant Collective Brands in this lawsuit. Defendants admit that Collective Brands is the parent
26 of Payless, and the complaint makes its allegations against Collective Brands and Payless
27 collectively. Complaint ¶ 6. It is too early in this litigation to dismiss Collective Brands, as it is not
28

clear whether Payless or Collective Brands, or both, were entities on whose behalf the alleged text messages were sent. *Worsham v. Nationwide Ins. Co.*, 138 Md. App. 487, 496 (Md. App. 2001) (noting that "the person or entity on whose behalf the solicitation is made will be liable for any failures to honor the do-not-call request" (citing 47 C.F.R. § 62.1200(e)(2)(iii))). Plaintiff's complaint is sufficient to survive the motion to dismiss.

II.     Motion to Strike Class Allegations

Defendants move to strike plaintiff's class allegations, arguing that plaintiff has failed to plead the necessary elements for class certification, has not adequately defined the proposed class and cannot satisfy any of the requirements of Federal Rule of Civil Procedure 12(b). Defendants' motion is premature. This is not the rare case where the pleadings indicate that the class requirements cannot possibly be met. *See In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 615-16 (N.D. Cal. 2007) (Armstrong, J.) (denying motion to dismiss class allegations prior to appropriate discovery, despite "suspicious" class definition in the pleadings). Plaintiff has sufficiently pled the necessary elements of a class action, proposed what could be an adequate class definition[2] and sufficiently pled that the action meets the requirements to maintain a class action. Defendants' arguments to the contrary are better suited to an opposition to a motion for class certification.

III.    Motion for a More Definite Statement

Defendants move, in the alternative, for a more definite statement of plaintiff's claim pursuant to Federal Rule of Civil Procedure 12(e). Under Rule 12(e), a party may move for a more definite statement of a pleading to which a response is allowed if the pleading is so vague or ambiguous that the party cannot reasonably prepare a response. Fed. R. Civ. P. 12(e). The motion must point out the defects complained of and the details desired. *Id.* "[T]he proper test in evaluating a motion under Rule 12(e) is whether the complaint provides the defendant with a sufficient basis to frame his responsive pleadings." *Fed. Sav. & Loan Ins. Corp. v. Musacchio*, 695 F. Supp. 1053, 1060 (N.D. Cal. 1988) (Peckham, J.). "It is well-established . . . that a motion for a more definite statement attacks unintelligibility in a pleading, not a mere lack of detail." *Campos v. S.F. State*

6

*Univ.*, No. C-97-2326 MMC, 1999 WL 1201809, at *8 (N.D. Cal. June 26, 1988) (Chesney, J.). Therefore, such a motion "should be granted only where the complaint is so indefinite that defendant cannot ascertain the nature of the claim being asserted and therefore cannot reasonably be expected to frame an appropriate response." *City of Oakland v. Keep on Trucking Co.*, No. C 95-03721 CRB, 1998 WL 470465, at *1 (N.D. Cal. July 30, 1998) (Breyer, J.). Defendants fail to point out the specific defects in plaintiff's pleading and incorrectly assert that "[p]laintiff admits in Paragraph 1 of the Complaint" that the complaint is "so deficient that [d]efendants cannot frame a responsive pleading." Mot. at 15. The cited paragraph in no way addresses this issue but instead states that defendants engaged in text-message marketing. Complaint ¶ 1. Defendants have failed to justify their motion for a more definite statement.

CONCLUSION

For the foregoing reasons, defendants' motion to dismiss or alternatively to strike the class allegations or to order a more definite statement is DENIED.

IT IS SO ORDERED.

Dated: March 12, 2010

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

7

**ENDNOTES**

1.      The TCPA defines an ATDS as "equipment which has the capacity . . . to store or produce telephone numbers to be called, using a random or sequential number generator [and] to dial such numbers." 47 U.S.C. § 227(a)(1). The Ninth Circuit has held that the focus must be on the equipment's *capacity* to do these things, not whether the equipment actually stored, produced, or called randomly or sequentially generated telephone numbers. *Satterfield*, 569 F.3d at 951.

2.      Plaintiff, however, fails to distinguish between authorized and unauthorized text messages.