1  JEFFREY F. KELLER (SBN 148005)
   CAREY G. BEEN (SBN 240996)
2  **KELLER GROVER, LLP**
   1965 Market Street
3  San Francisco, California  94103
   Telephone:  (415) 543-1305
4  Facsimile: (415) 543-7861
   jfkeller@kellergrover.com
5  cbeen@kellergrover.com

6  JOHN G. JACOBS (*PRO HAC VICE*)
   BRYAN G. KOLTON (*PRO HAC VICE*)
7  **JACOBS KOLTON, CHTD.**
   122 South Michigan Avenue, Suite 1850
8  Chicago, Illinois 60603
   Telephone: (312) 427-4000
9  Facsimile: (312) 427-1850
   jgjacobs@jacobskolton.com
10  bgkolton@jacobskolton.com

11  Attorneys for Plaintiff and the Putative Class

12  **IN THE UNITED STATES DISTRICT COURT**

13  **NORTHERN DISTRICT OF CALIFORNIA**

14  MOHAMMAD KAZEMI, individually and on      )   Case No.  3:09-CV-05142-MHP
    behalf of a class of similarly situated individuals,  )
15                                           )   <u>CLASS ACTION</u>
                         Plaintiff,          )
16                                           )   **PLAINTIFF'S NOTICE OF**
        v.                                   )   **MOTION AND MOTION FOR**
17                                           )   **PRELIMINARY APPROVAL OF**
    PAYLESS SHOESOURCE, INC., a Missouri     )   **CLASS ACTION SETTLEMENT**
18  corporation, COLLECTIVE BRANDS, INC.,    )   **AGREEMENT**
    a Delaware corporation, and VOICE-MAIL   )
19  BROADCASTING CORPORATION d/b/a           )   Location: Courtroom 15, 18th Floor.
    VOICE & MOBILE BROADCAST                 )   450 Golden Gate Avenue
20  CORPORATION a/k/a VMBC,                   )   San Francisco, California 94102
                                             )   Date: April 25, 2011
21                       Defendants.         )   Time:  2:00 p.m.
                                             )
22                                           )
                                             )
23                                           )   The Honorable Marilyn Hall Patel
                                             )
24

25

26

27

28

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on April 25, 2011, at 2:00 p.m., or at such other time as the Court may set, the undersigned will appear before the Honorable Marilyn Hall Patel in Courtroom 15, 18th Floor at the United States Courthouse at 450 Golden Gate Avenue, San Francisco, California, and then and there move the Court, pursuant to Federal Rule of Civil Procedure 23(e), to grant preliminary approval of a proposed settlement in this class action, a copy of which is attached hereto.

Plaintiff seeks preliminary approval of this class action settlement, certification of the proposed class, appointment of the Plaintiff as class representatives and appointment of Plaintiff's counsel as Class Counsel.  The Motion is based on this Notice of Motion, the Memorandum in Support of the Motion immediately following and the authorities cited therein, oral argument of counsel, and any other matter that may be submitted at the hearing.

Dated: March 31, 2011                                Respectfully Submitted,

MOHAMMAD KAZEMI, individually and on behalf of a class of similarly situated individuals,

 /s/ John G. Jacobs_____

John G. Jacobs (*Pro Hac Vice*)
Bryan G. Kolton (*Pro Hac Vice*)
JACOBS KOLTON, CHTD.
122 South Michigan Avenue
Suite 1850
Chicago, Illinois 60603

Jeffrey F. Keller (SBN 148005)
Carey G. Been (SBN 240996)
KELLER GROVER, LLP
1965 Market Street
San Francisco, California 94103

# <u>MEMORANDUM IN SUPPORT OF MOTION</u>

### <u>Table of Contents</u>

I.       **INTRODUCTION** ................................................................................ 1

II.      **NATURE OF THE LITIGATION** ................................................. 4

     **A.** **Plaintiff's Allegations, the Litigation, and Settlement** ............... 4

     **B.** **Defendants' Position** ................................................................... 5

III.   **TERMS OF THE SETTLEMENT** .............................................. 6

     **A.** **Class Definition** ........................................................................ 6

     **B.** **Settlement Benefits** .................................................................. 6

          **1.** *Remedial Relief* ................................................................. 6

          **2.** *Class Financial Relief* ...................................................... 7

          **3.** *Cy Pres Contribution* ....................................................... 7

     **C.** **Additional Relief** ...................................................................... 8

          **1.** *Payment of Notice and Administrative Fees* ..................... 8

          **2.** *Compensation for the Class Representatives* ..................... 8

          **3.** *Payment of Attorneys' Fees and Expenses* ....................... 8

     **D.** **Release** ....................................................................................... 8

IV.   **THE PROPOSED SETTLEMENT CLASS SHOULD BE CERTIFIED** ................... 9

     **A.** **The Requirement of Numerosity Is Satisfied** ............................ 9

     **B.** **The Requirement of Commonality is Satisfied** ....................... 10

     **C.** **The Requirement of Typicality is Satisfied** ............................ 10

     **D.** **The Requirement of Adequate Representation is Satisfied** ................... 11

     **E.** **The Proposed Settlement Class Meets the Requirements of Rule 23(b)(3)** ......... 11

V.     **THE COURT SHOULD APPOINT PLAINTIFF'S COUNSEL AS CLASS COUNSEL** ................................................................ 13

VI.   **THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL** ................................................... 13

VII.    THE PROPOSED PLAN OF CLASS NOTICE ............................................................ 15

VIII.   PROPOSED PRELIMINARY SCHEDULE ............................................................... 16

IX.    CONCLUSION ......................................................................................................... 17

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT        Case No. 3:09-CV-05142-MHP

# <u>Table of Authorities</u>

<u>Cases</u>:

*Amchem Prods. Inc. v. Windsor*,
    521 U.S. 591 (1997) ........................................................................................... 9, 14

*Armstrong v. Bd. of Schl. Dirs. of City of Milwaukee*,
    616 F.2d 305 (7th Cir. 1980) ................................................................................ 14

*Bellows v. NCO Financial Systems, Inc.*,
    2008 WL 5458986 (S.D.Cal. December 10, 2008) .............................................. 12

*Celano v. Marriot Int'l, Inc.*,
    242 F.R.D. 544 (N.D. Cal. 2007) .......................................................................... 9

*Dalton v. Lee Publications, Inc.*,
    270 F.R.D. 555 (S.D. Cal. 2010) .......................................................................... 10

*Eisen v. Carlisle & Jacquelin*,
    417 U.S. 156 (1974) ........................................................................................... 9, 15

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) ...................................................................... 1, 10, 11

*In re Inter-Op Hip Prosthesis Liab. Litig.*,
    204 F.R.D. 359 (N.D. Ohio 2001) ........................................................................ 14

*In re Syncor ERISA Litig.*,
    516 F.3d 1095 (9th Cir. 2008) ......................................................................... 13, 14

*In re Tableware Antitrust Litig.*,
    484 F. Supp. 2d 1078 (N.D. Cal. 2007) ............................................................... 14

*Kazemi v. Payless Shoesource, Inc.*,
    2010 WL 963225 (N.D. Cal. 2010) .................................................................... 1, 4

*Officers for Justice v. Civil Serv. Comm'n*,
    688 F.2d 615 (9th Cir. 1982) ................................................................................ 14

*Pierce v. County of Orange*,
    519 F.3d 985 (9th Cir. 2008) ................................................................................ 11

*Satterfield v. Simon & Schuster*,
    569 F.3d 946 (9th Cir. 2009) ........................................................................ 1 n. 1

iv

**Statutes & Regulations:**

Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 ...................... 1, 2, 3, 5, 6, 9, 11

47 C.F.R. § 64.1200 ................................................................................................ 2, 6

**Miscellaneous:**

Alba Conte & Herbert Newberg, 4 *Newberg on Class Actions*,
     §11.25, at 38-39 (4th Ed. 2002) ......................................................................... 13, 14

Fed. R. Civ. P. 23 (2007)...................................................... 9, 10, 11, 12, 13, 14, 15

Manual for Complex Litigation §30.41 (3rd ed. 1995) ............................................. 12

Manual for Complex Litigation § 21.632 (4th ed. 2004) ...................................... 12, 13

v

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT         Case No. 3:09-CV-05142-MHP

# I.      INTRODUCTION

This proposed class action settlement seeks to resolve a lawsuit that arose after Payless and other Defendants sent text message advertisements to millions of consumers' cell phone devices throughout the country.  In October 2009, Plaintiff brought suit against Defendants on behalf of a proposed nationwide class, alleging that the sending of the text messages was in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").  On December 14, 2009, Defendants filed a motion to strike the class action allegations and to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6).   After briefing and an oral argument held on March 8, 2010, this Court issued a Memorandum & Order denying the motion.  *Kazemi v. Payless Shoesource, Inc.,* et al., 2010 WL 963225 (N.D. Cal. March 16, 2010).  On March 12, 2010 Defendants filed an Answer to the Complaint.

Thereafter, per the Court's scheduling order, Plaintiff initiated class certification discovery, serving document requests and notices of deposition.  After Defendants provided responses to these initial discovery requests and produced documents, the Parties began to explore the possibility of settlement, and eventually agreed to mediation before the Honorable Nicholas H. Politan (ret.).   The Parties exchanged pre-mediation information requests, provided requested information and exchanged two rounds of detailed mediation briefing in advance of the mediation, focusing on the strengths and weaknesses of each side's position on the key issues of liability and class certification dividing the Parties – in particular, the question of "prior express consent"[1] and, in turn, how that question would affect class certification.  On November 15 and 16, 2010, the Parties engaged in two full days of mediation proceedings with Judge Politan in New York City. In the evening of November 16, 2010, the Parties reached an agreement in principle on the terms of the settlement as described herein, and executed a memorandum of understanding at that time,

---

[1]   Unlike many businesses that engage in text message campaigns, Payless did not purchase a list of numbers to which to send the messages.  (Compare and contrast, *Satterfield v. Simon & Schuster,* 569 F.3d 946 (9th Cir. 2009).)  Instead, Payless had a practice to ask the customer at the time of the sale for his or her phone number.   Thus, in this case, Mr. Kazemi had provided his phone number to Payless when he bought a pair of shoelaces there.

1  signed by Plaintiff and a company official of Payless. Thereafter, the parties continued

2  negotiating and preparing a final settlement agreement that set forth specific terms and language

3  agreeable to all parties, until a detailed executed Settlement Agreement resulted, a copy of which

4  is Exhibit 1 hereto.

5  The settlement accomplishes an excellent result for the proposed class members. The

6  settlement directs that Payless take significant remedial steps with regard to its text messaging

7  program, including that (a) Payless will not use any list of cell phone numbers it compiled prior to

8  October 4, 2010[2] nor select numbers off of any such list for the purpose of sending any text

9  messages to such numbers; (b) Payless will comply with the requirement of the TCPA and Federal

10 Communications Commission ("FCC") regulations implementing the TCPA, 47 C.F.R. § 64.1200,

11 as applicable to the sending of future SMS text messages; (c) Payless will require any entity

12 through whom it causes SMS text messages to be sent to customers to compare any number to

13 which it wishes to send a text message to Payless's internal Do Not Call list and/or any other Do

14 Not Call list maintained by or on behalf of Payless, and to the listing of persons who have texted

15 Payless to stop before any text messages are sent and Payless will not send or allow to be sent any

16 further text messages to a customer whose cellular telephone number appears on any such stop or

17 Do Not Call list, unless and until Payless obtains that customer's prior express consent authorizing

18 Payless to resume sending the customer text messages; and (d) Payless will provide training to its

19 affected personnel on compliance with the requirements of the TCPA and the FCC's

20 implementing regulations with respect to text messaging.

21 The settlement also calls for Payless to provide significant financial relief to class

22 members. Payless will issue up to $6 million in Merchandise Certificates to class members who

23 file approved claims. The Merchandise Certificates have a face value of $25 (or a lesser *pro rata*

24 amount if the total amount of claims exceeds $6 million). The Merchandise Certificates are fully

25 transferrable, can be combined with gift cards or other certificates, do not require the purchase of

26 _____

27 [2] That is the date upon which Payless began using a double opt-in methodology for obtaining numbers for its texting campaigns.

28

1  any particular product or the expenditure of any money and can be used for the purchase of any

2  items sold by Payless at any Payless store in the United States, including items selling for more

3  than $25 (including applicable taxes) as well as items costing less than $25 (including applicable

4  taxes).   Class members will have 12 months from the date of issuance to use the Merchandise

5  Certificates.  Class members will not receive a cash refund or a credit for any unused amounts, but

6  such unused amounts will be added to the *cy pres* contribution called for by the settlement, up to

7  $5,000,000.

8       To the extent the dollar value of redeemed Merchandise Certificates is less than $5 million,

9  Payless will make a Cy Pres Contribution in an amount equal to the difference between the

10  amount redeemed and $5 million to a tax exempt charity or charities approved by the Court in the

11  form of Merchandise Certificates with a face value of $15.   The settlement provides that under no

12  circumstances will Payless issue less than $5 million in Merchandise Certificates.

13       In addition, Payless has agreed to pay for the costs of providing notice to the class and

14  Settlement Administrator administration expenses, an incentive award to Plaintiff for serving as

15  class representative and payment of Class Counsel's attorneys' fees and expenses up to a specified

16  amount ($1,250,000 in fees and $20,000 in expenses, as awarded by the Court).  Payment of these

17  items will be paid by Payless in addition to the benefits provided to the members of the Settlement

18  Class and will not reduce the benefits available to the Settlement Class members or the recipient

19  charities.

20       Given the considerable hurdles facing Plaintiff in this litigation, the results achieved are

21  more than fair, reasonable, and adequate, and merit the Court's preliminarily approval of the

22  settlement.   Plaintiff thus moves the Court to preliminarily approve the instant class action

23  settlement (attached hereto as Exhibit 1), certify the settlement class, appoint Mr. Kazemi as

24  representative plaintiff for the Settlement Class, and appoint as Class Counsel John G. Jacobs and

25  Bryan Kolton of Jacobs Kolton, Chtd. and Jeffrey F. Keller and Carey G. Been of Keller Grover,

26  LLP.

27

28

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT        Case No. 3:09-CV-05142-MHP

## II.     NATURE OF THE LITIGATION

### A.     Plaintiff's Allegations, the Litigation, and Settlement.

Mr. Kazemi initiated this class action on October 29, 2009, asserting that the text-message marketing campaign employed by Defendants to promote the sales of Payless's shoe lines constituted a violation of the TCPA. (*See* Dkt. No. 1.)  The Complaint alleged that Defendants utilized an "automatic telephone dialing system" ("ATDS") to transmit promotional text messages *en masse* to consumers who had not previously given their "prior express consent" as required by the TCPA in order to receive such messages.  (*Id.*)  Plaintiff alleged that Defendants' violation of the TCPA resulted in liability for statutory damages and Plaintiff also sought an injunction.  (*Id.*)

Since the inception of the suit, the parties have been actively litigating this action.  On December 14, 2009, Defendants filed a motion to strike the class action allegations and to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6).  (*See* Dkt. No. 20)  On February 8, 2010, Plaintiff filed a memorandum in opposition to Defendants' motion to strike class allegations and to dismiss.  (*See* Dkt. No. 29)  On February 16, 2010 Defendants filed their reply to Plaintiff's opposition.  (*See* Dkt. No. 32)  On March 8, 2010 the Court held oral argument on Defendants' motion to dismiss.  (*See* Dkt. No. 34)  After briefing and oral argument, the Court issued a Memorandum & Order denying the motion.  *Kazemi v. Payless Shoesource, Inc.,* et al., 2010 WL 963225 (N.D. Cal. March 16, 2010).  (*See* Dkt. No. 36)  On March 12, 2010 Defendants filed an Answer to Plaintiff's Complaint. (*See* Dkt. No. 35)

Per the Court's scheduling order (*See* Dkt. No. 34), Plaintiff's motion for class certification was initially scheduled to be filed on September 13, 2010.  Plaintiff initiated class certification discovery, serving document requests and notices of deposition.  After Defendant provided responses to Plaintiff's initial discovery requests and produced documents, the Parties began to explore the possibility of settlement.  Toward this end, Payless retained Venable LLP as special Settlement Counsel to conduct settlement negotiations on its behalf.  On September 1, 2010 the parties filed a stipulation with the Court requesting an extension of the deadline for Plaintiff's motion until January 14, 2011, pending a mediation to be held by the parties on November 15 and 16, 2010 before the Honorable Nicholas H. Politan (ret.) in New York City.  (*See* Dkt. No. 41)

- 4 -

1   The Court signed that stipulation into Order on September 2, 2010.  (*See* Dkt. No. 41)

2       In anticipation of the mediation, the Parties exchanged pre-mediation information requests

3   and provided the requested information.  Thereafter, the Parties exchanged two rounds of detailed

4   mediation briefing in advance of the mediation, fully exploring issues surrounding "prior express

5   consent" and class certification.  On November 15 and 16, 2010 the parties participated in two full

6   days of mediation.  Late in the evening on the second day of the mediation, the Parties reached an

7   agreement in principle on the settlement of the lawsuit and executed a memorandum of

8   understanding at that time, signed by Plaintiff and a company official of Payless.

9       Thereafter, the Parties continued to negotiate and prepare a final settlement agreement that

10   set forth specific terms and language agreeable to all parties, as well as supporting documents

11   including, among other things, multiple forms of class notice.  On January 7, 2011, the parties

12   filed a stipulation with the Court requesting an extension of time until February 1, 2011 (*See* Dkt.

13   No. 48), which the Court signed into Order on January 7, 2011. (*See* Dkt. No. 49)  Plaintiff's

14   counsel and counsel for Payless continued to work diligently in the preparation and negotiation of

15   a final settlement agreement.  On January 31, 2011, the parties filed another stipulation with the

16   Court requesting an additional extension of time to finalize the proposed settlement (*See* Dkt. No.

17   50), which the Court signed into Order on February 1, 2011. (*See* Dkt. No. 51)  The Parties

18   continued to work diligently in the preparation and negotiation of a final settlement agreement,

19   until a detailed executed Settlement Agreement resulted, a copy of which is Exhibit 1 hereto, was

20   finally executed on March 30, 2011.

21       **B.   Defendants' Position.**

22       At all times, Payless and the other defendants have denied and continue to deny any

23   wrongdoing whatsoever and have denied and continue to deny that they committed, or threatened

24   or attempted to commit, any wrongful act or violation of law or duty alleged in the Complaint, and

25   contend that they have acted properly in all regards in connection with the preparation and

26   dissemination of the text messages in question.  Payless and the other defendants also deny: (1)

27   each and every claim and contention alleged by Plaintiff in the lawsuit; (2) all charges of

28   wrongdoing or liability against any of them arising out of any conduct, statements, acts or

1  omissions alleged in the lawsuit; and (3) that Plaintiff or the Settlement Class is entitled to any

2  form of damages or other relief based on the conduct alleged in the lawsuit.  In addition, Payless

3  and the other defendants maintain that they have meritorious defenses to the claims alleged in the

4  lawsuit and that they were prepared to vigorously oppose class certification and the lawsuit.

5  **III.     TERMS OF THE SETTLEMENT**

6       The key terms of the settlement follow:

7       **A.     Class Definition:**  The Settlement Agreement defines the settlement class as (a)

8  Plaintiff, and (b) all persons who received one or more SMS text messages from or on behalf of

9  Payless ShoeSource, Inc. during the period from October 29, 2005 through October 4, 2010.

10      **B.     Settlement Benefits:**  The Settlement Agreement calls for Payless to provide the

11  following relief:

12          **1.     *Remedial Relief:***  The settlement calls for Payless to take the following

13  remedial steps with regard to its text messaging program:

14              a.  Payless will not use any list of cell phone numbers it compiled prior to October

15  4, 2010 (when it changed the way it obtained cell phone numbers) for the purpose of sending any

16  text messages to such numbers, nor select numbers off of any such list for the sending of text

17  messages (Settlement Agreement ¶ 9(a));

18              b.  Payless will comply with the requirement of the TCPA and FCC regulations

19  implementing the TCPA, 47 C.F.R. § 64.1200, as applicable to the sending of future SMS text

20  messages as they may be amended from time to time (Settlement Agreement ¶ 9(b));

21              c.  Payless will cause any entity through whom it causes SMS text messages to be

22  sent to customers to compare any number to which it wishes to send a text message to Payless's

23  internal Do Not Call list and/or any other Do Not Call list maintained by or on behalf of Payless,

24  and to the listing of persons who have texted Payless to stop before any text messages are sent.  If

25  the customer's cellular telephone number appears on any such stop or Do Not Call list, Payless

26  will not send or allow to be sent any further text messages to the customer unless and until Payless

27  obtains that customer's prior express consent authorizing Payless to resume sending the customer

28  text messages (Settlement Agreement ¶ 9(c)); and

d.  Payless will train its affected personnel on compliance with the requirements of the TCPA and the FCC's implementing regulations with respect to text messaging (Settlement Agreement ¶ (d)).  (*See* Ex. 1 § 9).

**2.**  ***Class Financial Relief***:  Payless will issue up to $6 million in Merchandise Certificates to class members who file approved claims.  The Merchandise Certificates have a face value of $25, or a lesser *pro rata* amount if the total amount of claims exceeds $6 million.  The Merchandise Certificates are fully transferrable, can be combined with other gift cards or certificates, do not require the purchase of any particular product or the expenditure of any money and can be used for the purchase of any items sold by Payless at any Payless store in the United States, including items selling for more than $25 (including applicable taxes) as well as items costing less than $25 (including applicable taxes).  Class members will have 12 months from the date of issuance to use the Merchandise Certificates and will not receive a cash refund or a credit for any unused amounts.  (*See* Ex. 1 ¶ 6)  To the extent the dollar value of redeemed Merchandise Certificates is less than $5 million, Payless will make a Cy Pres Contribution in an amount equal to the difference between the amount redeemed and $5 million, as discussed below.

**3.**  ***Cy Pres Contribution***:  In the event that the dollar value of the redemption of Merchandise Certificates issued to class members is less than $5 million, Payless will make contributions to charities, in an amount equal to the difference between the amount redeemed and $5 million (the "Cy Pres Contribution").  The Cy Pres Contribution shall be in the form of Merchandise Certificates with the same terms described in paragraph 6 of the settlement agreement, except that they will have a face value of $15 and will have an expiration date of not less than three (3) months following the date of issuance to the charity.   The Cy Pres recipient(s) will be a tax-exempt charity or charities designated by Payless in consultation with Class Counsel and approved by the Court.  All required Cy Pres contributions will be made no later than two years following the expiration of the Merchandise Certificates sent to Class Members.  Under no circumstances will Payless issue less than $5 million in Merchandise Certificates.  (*See* Ex. 1 ¶ 7)

    **C.**    **Additional Relief:**  In addition to the Settlement Benefits described in Section III.B above, Payless has agreed to provide the following additional relief that will be paid by Payless in addition to the benefits provided to the members of the Settlement Class and will not reduce the benefits available to the Settlement Class members or the recipient charities:

    **1.**    *Payment of Notice and Administrative Fees*: Payless will pay the full cost of sending the settlement class notice, including email notice, settlement website notice, notification on the Payless website notice, in-store poster notice, register receipt notice, CAFA notice to federal and state officials and any other notice as required by the Court as well as all costs of administration of the settlement, including fees and expenses of the Settlement Administrator, Heffler, Radetich & Saitta LLP of Philadelphia, Pennsylvania.   (*See* Ex. 1 ¶¶ 4, 5)

    **2.**    *Compensation for the Class Representatives*:  In addition to any award under the settlement, and in recognition of his efforts on behalf of the class and subject to the approval of the Court, Payless has agreed to pay the class representative an incentive award of $5,000 for appropriate compensation for his time and effort serving as the class representatives in this litigation.  (*See* Ex. 1 ¶ 12)

    **3.**    *Payment of Attorneys' Fees and Expenses*: Payless has also agreed to pay Class Counsel such fees as awarded by the Court up to $1,250,000 in attorneys' fees and up to $20,000 for the reimbursement of costs and expenses for their efforts in achieving the benefits described above for the benefit of the Settlement Class and for their risk in undertaking this representation on a contingency basis.  Payless has agreed that such sums are reasonable, and will not oppose the Court's awarding of such sums.  (*See* Ex. 1 ¶ 11)

**D.**    **Release**

    Upon the entry of a final order approving this settlement and the time for appeal has expired or such appeal has been decided, Plaintiff and each and every member of the settlement class who has not timely filed a request to be excluded from the settlement class or who has rescinded a previous opt-out request pursuant to the Settlement Agreement, will release and forever discharge Defendants from any and all manner of claims, whether known or unknown, involving the sending or alleged sending of SMS text messages to persons by or on behalf of

1  Payless ShoeSource, Inc. from October 29, 2005 through October 4, 2010 that were or could have

2  been alleged or asserted in the lawsuit relating to such text messages.  (*See* Ex. 1 ¶¶ 18-22 for full

3  Release language, including Releasing Parties, Released Claims and Released Parties)

4  **IV.     THE PROPOSED SETTLEMENT CLASS SHOULD BE CERTIFIED**

5          Prior to granting preliminary approval of a settlement, the Court should determine that the

6  proposed settlement class is a proper class for settlement purposes.  Manual for Complex

7  Litigation § 21.632 (4th ed. 2004); *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

8  The Court may certify a class when the plaintiff demonstrates that the proposed class and

9  proposed class representatives meet the following prerequisites of Rule 23(a): numerosity,

10 commonality, typicality, and adequacy of representation.  Fed. R. Civ. P. 23(a)(1-4).  After

11 meeting the strictures of Rule 23(a), the plaintiff must then demonstrate that common questions of

12 law or fact predominate and that maintaining the suit as a class action is superior to other methods

13 of adjudication.  Fed. R. Civ. P. 23(b)(3).

14         In determining whether to certify a class, the Court does not inquire into the merits of the

15 plaintiff's claims.  *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974).  As such, the

16 Court accepts the allegations of the plaintiff's complaint as true, but may consider matters beyond

17 the pleadings to determine if the claims are suitable for resolution on a class-wide basis.  *Celano v.

18 Marriot Int'l, Inc.*, 242 F.R.D. 544, 548 (N.D. Cal. 2007).

19         **A.     The Requirement of Numerosity Is Satisfied**

20         The numerosity prerequisite is met when "the class is so numerous that joinder of all

21 members is impractical.  Fed. R. Civ. P. 23(a)(1).  To satisfy this requirement there is no

22 "specific" number required, nor are the plaintiffs required to state the "exact" number of potential

23 class members.  *Celano*, 242 F.R.D. at 548.  Generally, the numerosity requirement is satisfied

24 when the class comprises 40 or more members.  *See id.* at 549.  In this case, the class consists of

25 approximately 8.5 million persons, easily enough to satisfy the numerosity requirement.

26 Accordingly, the proposed class is so numerous that joinder of their claims is impracticable.

27

28

## B.    The Requirement of Commonality is Satisfied

The second threshold to certification requires that "there are questions of law or fact common to the class."  Fed. R. Civ. P. 23(a)(2).  Commonality focuses on the relationship of common facts and legal issues among class members.  *See, e.g*., 1 Herbert B. Newberg & Alba Conte, Newberg on Class Actions § 3:10 at 271 (4th ed.2002).  Rule 23(a)(2) has been construed permissively.  *Hanlon v. Chrysler Corp*., 150 F.3d 1011 (9th Cir.1998). All questions of fact and law need not be common to satisfy the rule. *Id.*  The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class.  *Id.*   The commonality test is qualitative rather than quantitative -- one significant issue common to the class may be sufficient to warrant certification.  *Dalton v. Lee Publications, Inc., 270* F.R.D. 555, 559 (S.D. Cal. 2010*) leave to appeal denied*, 625 F.3d 1220 (9th Cir. 2010), *citing Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1019 (9th Cir.1998).  As alleged in this case, all class members share a claim that arose out of the same activity of the Defendants, is based on the same legal theory, and implicate the following common questions of fact or law: whether the text messages Defendants sent to the class members are violative of the TCPA; whether the Defendants used an automatic telephone dialing system to transmit the text messages at issue; and whether the class members are entitled to statutory damages and injunctive relief as a result of this conduct.  In addition, common questions for the settlement include whether the settlement is fair and what is the proper form of notice.  The commonality requirement is therefore met.

## C.    The Requirement of Typicality is Satisfied

Rule 23 next requires that Plaintiff's claims are typical of those of the class.  Fed. R. Civ. P. 23(a)(3).  Typicality focuses on the relationship of facts and issues between the class and its representatives.   Under the rule's permissive standards, representative claims are 'typical' if they are reasonably coextensive with those of absent class members, they need not be substantially

- 10 -

1    identical.  In this case, Plaintiff and the proposed class members all were sent nearly identical text

2    messages as a result of Defendants' marketing campaign.  Plaintiff and the proposed class have

3    alleged that this conduct violated the TCPA, which would provide identical statutory damages and

4    injunctive relief to all members of the class.  As such, Plaintiff's claims are typical of those of the

5    proposed class and Fed. R. Civ. P. 23(a)(3) is met.

6        **D.        The Requirement of Adequate Representation is Satisfied**

7        The final Rule 23(a) prerequisite requires that the proposed class representatives have and

8    will continue to "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).

9    "This factor requires: (1) that the proposed representative Plaintiffs do not have conflicts of

10   interest with the proposed class, and (2) that Plaintiffs are represented by qualified and competent

11   counsel."  *Hanlon, supra.,* 150 F.3d at 1020.

12       In this case, Plaintiff has the same interests as the proposed class members -- all were sent

13   nearly identical text messages from Defendants.  As such, Plaintiff's interests are not antagonistic,

14   but rather are fully congruent with the interests of other class members, and his pursuit of this

15   matter has demonstrated that he will continue to be a zealous advocate for the class.  Similarly,

16   proposed Class Counsel have regularly engaged in major complex litigation, and have been named

17   class counsel in several consumer class action lawsuits involving cellular telephone technology

18   that are similar in size, scope and complexity to the present case.  (*See* Firm Resumes of Jacobs

19   Kolton, Chtd. and Keller Grover, LLP, true and accurate copies of which are attached as Exhibit

20   2.)  Accordingly, both Plaintiff and his counsel will adequately represent the class.

21       **E.        The Proposed Settlement Class Meets the Requirements of Rule 23(b)(3)**

22       Once the subsection (a) prerequisites are satisfied, Federal Rule of Civil Procedure

23   23(b)(3) provides that a class action can be maintained where the questions of law and fact

24   common to members of the class predominate over any questions affecting only individuals, and

25   the class action mechanism is superior to the other available methods for the fair and efficient

26   adjudication of the controversy.  Fed. R. Civ. P 23(b)(3); *Pierce v. County of Orange*, 519 F.3d

27   985, 991 n. 5 (9th Cir. 2008).

28

1    In this case and in the context of the proposed settlement, common issues of fact and law

2   predominate.  The common questions set forth above are central to the litigation.  Plaintiff's and

3   the class members' claims all arise from the Defendants' marketing campaign, which resulted in

4   text messages being sent to the class in precisely the same manner.  Whether the text messages

5   Defendants sent are violative of the TCPA; whether the Defendants used an automatic telephone

6   dialing system to transmit the text messages at issue; and whether the class members are entitled

7   to statutory damages and injunctive relief as a result of this conduct are the primary focus and

8   central issues of this class action and thus predominate over any individual issues that may exist.

9    In addition, the instant class action is superior to any other method available to fairly,

10   adequately, and efficiently resolve the class members' claims.  In this case, absent a class action,

11   most members of the class would find the cost of litigating their claims—each of which is

12   statutorily limited to $500 by the TCPA (up to a maximum of $1,500 in the Court's discretion) —

13   to be prohibitive and such multiple individual actions would be judicially inefficient.  *Bellows v.*

14   *NCO Financial Systems, Inc*., No. 3:07-CV-01413, 2008 WL 5458986 (S.D.Cal. December 10,

15   2008) (certifying a settlement class under the TCPA and finding that a "class action is superior to

16   other available methods for a fair and efficient adjudication of this controversy").

17    Also, because the action will now settle, the Court need not consider issues of

18   manageability relating to trial.  *See Amchem*, 521 U.S. at 620 (citation omitted) ("[c]onfronted

19   with a request for settlement-only class certification, a district court need not inquire whether the

20   case, if tried, would present intractable management problems, for the proposal is that there be no

21   trial").  Accordingly, common questions predominate and a class action is the superior method of

22   adjudicating this controversy. [3]

23

24   _____

25   [3]  Payless has stipulated to the certification of the proposed settlement class, but has reserved its
     right to oppose class certification should the Settlement Agreement not become effective.  *See*,

26   Settlement Agreement, Ex.1, ¶ 3 ("Defendant stipulates to the certification of a Settlement Class.
     Such certification shall be for settlement purposes only, and in the event that for any reason

27   approval of this Settlement does not become Final as further defined herein, then such certification
     shall become null and void, and no Party shall be affected in any way by such prior certification.")

28

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT        Case No. 3:09-CV-05142-MHP

## V.      THE COURT SHOULD APPOINT PLAINTIFF'S COUNSEL AS CLASS COUNSEL

Under Rule 23, "a court that certifies a class must appoint class counsel . . .[who] must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). In making this determination, the Court must consider counsel's: (1) work in identifying or investigating potential claims; (2) experience in handling class actions or other complex litigation, and the types of claims asserted in the case; (3) knowledge of the applicable law; and (4) resources committed to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(i-iv).

As discussed above, proposed class counsel have extensive experience in prosecuting class actions and other complex litigation, and have established seminal precedent in this particular area of the law. (*See* Exhibit 2.) Further, proposed class counsel have diligently investigated and prosecuted this matter, dedicating substantial resources to the investigation of the claims at issue in the action, and have successfully negotiated the settlement of this matter to the benefit of the class. Accordingly, the Court should appoint proposed Plaintiffs' counsel to serve as class counsel for the proposed class pursuant to Rule 23(g) and appoint John G. Jacobs and Bryan G. Kolton of Jacobs Kolton, Chtd. and Jeffrey F. Keller and Carey G. Been of Keller Grover, LLP as Class Counsel.

## VI.     THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL

After certifying the settlement class, the Court should preliminarily approve the settlement. The procedure for review of a proposed class action settlement is a well-established two-step process. Fed. R. Civ. P. 23(e); *see also* Alba Conte & Herbert Newberg, 4 *Newberg on Class Actions*, §11.25, at 38-39 (4th Ed. 2002). The first step is a preliminary, pre-notification hearing to determine whether the proposed settlement is "within the range of possible approval." *Newberg*, §11.25, at 38-39 (quoting Manual for Complex Litigation §30.41 (3rd ed. 1995)); *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1110 (9th Cir. 2008). This hearing is not a fairness hearing; its purpose, rather, is to ascertain whether there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing. *In re Syncor ERISA Litig.*, 516 F.3d at 1110. Notice of a settlement should be sent where "the proposed settlement appears to be the

- 13 -

product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007).  The Manual for Complex Litigation characterizes the preliminary approval stage as an "initial evaluation" of the fairness of the proposed settlement made by the court on the basis of written submissions and informal presentation from the settling parties. Manual for Complex Litigation § 21.632 (4th ed. 2004).  If the court finds a settlement proposal "within the range of possible approval," it then proceeds to the second step in the review process—the final approval hearing.  *Newberg*, §11.25, at 38-39.  The standard of scrutiny for preliminary approval is more relaxed than for final approval.  *Armstrong v. Bd. of Schl. Dirs. of City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980).

A strong judicial policy exists that favors the voluntary conciliation and settlement of complex class action litigation.  *In re Syncor*, 516 F.3d at 1101 (citing *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615 (9th Cir. 1982).  While the district court has discretion regarding the approval of a proposed settlement, it should give "proper deference to the private consensual decision of the parties."  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998). In fact, when a settlement is negotiated at arms' length by experienced counsel, there is a presumption that it is fair and reasonable.  *In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. 359, 380 (N.D. Ohio 2001).  Ultimately, the Court's role is to ensure that the settlement is fundamentally fair, reasonable, and adequate.  Fed. R. Civ. P. 23(e)(2); *In re Syncor*, 516 F.3d at 1100.

In this case, the settlement should not only be viewed with a presumption of its fairness, there is also no question but that the proposed settlement is, at a minimum, "within the range of possible approval."  Only after extensive investigation, targeted discovery, exchange of information and extended arms' length negotiations, conducted with the assistance and under the supervision of the Honorable Nicholas H. Politan (ret.), were the parties able to reach the instant settlement agreement.  The fairness, reasonableness, and adequacy of this settlement are further apparent from the substantial immediate remedial and financial benefits conferred upon the members of the class.  Although Plaintiff's counsel believes that the plaintiff's claim is

- 14 -

1   meritorious and should prevail, it would blink reality to not recognize that there is great risk to the

2   claim, involving as it does novel issues of law and the quality of the representation presented by

3   defense counsel in this case.  When the strengths of the Plaintiff's claim are weighed against the

4   legal and factual obstacles combined with the complexity of class action practice, it is apparent

5   that the proposed settlement is clearly in the best interest of class members as it provides

6   substantial relief and recovery now.

7        Only after the relief to the class was agreed-upon did the parties reach an agreement on the

8   amount of attorneys' fees or incentive awards, lending further credence to the arms' length nature

9   of the negotiations.  As this settlement easily falls well "within the range of possible approval," it

10  should be preliminarily approved.

11  **VII.    THE PROPOSED PLAN OF CLASS NOTICE**

12       When certification of a settlement class is sought under Rule 23 (b)(3), the substance of the

13  notice to the settlement class must describe in plain language, the nature of the action, the

14  definition of the class to be certified, and the class claims and defenses at issue.  Furthermore, the

15  notice must explain that settlement class members may enter an appearance through counsel if so

16  desired, that class members may request to be excluded from the settlement Class, and that the

17  effect of a class judgment shall be binding on all class members.  *See* Fed. R. Civ. P. 23 (c)(2)(B).

18  In addition to the substance of the notice, the manner of issuing notice must also satisfy Rule 23

19  and Due Process, which require that the Court direct the Parties to give "the best notice practicable

20  under the circumstances, including individual notice to all members who can be identified through

21  reasonable effort."  Fed. R. Civ. P. 23(b)(3); *Eisen*, 417 U.S. at 177.

22       The proposed notices in this case satisfy both the substantive and manner of distribution

23  requirements of Rule 23 and Due Process.  The Agreement contemplates a five-part notice plan

24  designed to reach as many potential settlement class members as possible through reasonable

25  effort.  First, direct notice of the settlement will be sent via email to those class members for

26  whom Payless or VMBC has email addresses.  (*See* Ex. 1 § 4a)   Second, the Settlement

27  Administrator (Heffler, Radetich & Saitta LLP of Philadelphia, Pennsylvania) will launch and

28  administer a settlement website serving as the "long-form" notice.  (*See* Ex. 1 ¶ 4b)  The website

- 15 -

notice will provide links to the settlement, the claim form, and other relevant Court documents, and provide for the online submission of claims.  (*See id.*)  The Settlement Administrator will support the website with internet advertising in the form of Google AdWords keyword searching to facilitate the effectiveness of the settlement website.  (*See id.*)   Third, Payless will include on the landing page for www.payless.com, above the global links appearing at the bottom of the screen, a conspicuous notice announcing the settlement of the text messaging class action lawsuit and providing a link to the settlement website, as well as the toll free number of the Settlement Administrator.   (*See* Ex. 1 ¶ 4c)  Fourth, Payless will provide In-Store notice by posting in all of its stores in the United States in a prominent location as close to its cash registers as practical (and clearly and conspicuously visible from the cash register) posters announcing the settlement of the text messaging class action lawsuit.  (*See* Ex. 1 ¶ 4d)  Fifth, Payless will provide notice on all of its U.S. store register receipts, announcing the settlement of the text messaging class action lawsuit and providing information to a link to the settlement website, as well as the toll free number of the Settlement Administrator.   (*See* Ex. 1 ¶ 4e)  In addition, Payless will provide notice under CAFA to appropriate federal and state officials. (*See* Ex. 1 ¶ 35)  Finally, the parties may also issue a press release announcing the settlement.  (*See* Ex. 1 ¶ 34.)   Given the attention Payless's texting program has drawn on the internet, it is expected that the notice provisions combined will provide the best notice practicable.

Copies of the proposed notices and claim form are attached as Exhibits B through E to the Settlement Agreement and should be approved by the Court.  As such, the proposed methods of notice comport with Rule 23 and the requirements of Due Process and should be approved by this Court as the best notice practicable.

## VIII.   PROPOSED PRELIMINARY SCHEDULE

The parties propose the following schedule leading to the final approval hearing:

1.    Email notice and settlement website notice with claim form within 10 business days after entry of Preliminary Approval Order ("PAO");

2.    Payless website notice, in-store poster notice and register receipt notice within 21 business days after entry of PAO;

3.     CAFA notice to appropriate federal and state officials not later than 10 days after the proposed settlement is filed with the Court ;

4.     Deadline for Opt-outs/Objections:  75 calendar days after entry of PAO.

5.     Submission of papers in support of final approval: 14 days prior to Final Approval Hearing Date; and

6.     Final Approval Hearing:  90 days after entry of PAO (at the Court's convenience)

## IX.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully asks that the Court grant preliminary approval of the proposed settlement agreement, approve the form and manner of notice described above, certify the proposed Settlement Class, name Plaintiff and his counsel, respectively, as Representative Plaintiff and Class Counsel for the Settlement Class, and enter the proposed order separately submitted herewith (a copy of which is Exhibit A to the Settlement Agreement), and grant such further relief the Court deems reasonable and just.


Dated: March 31, 2011                    Respectfully Submitted,

                                         MOHAMMAD KAZEMI, individually and on
                                         behalf of a class of similarly situated individuals,

                                          /s/ John G. Jacobs_____

                                         John G. Jacobs (*Pro Hac Vice*)
                                         Bryan G. Kolton (*Pro Hac Vice*)
                                         JACOBS KOLTON, CHTD.
                                         122 South Michigan Avenue
                                         Suite 1850
                                         Chicago, Illinois 60603

                                         Jeffrey F. Keller (SBN 148005)
                                         Carey G. Been (SBN 240996)
                                         Keller Grover, LLP
                                         1965 Market Street
                                         San Francisco, California 94103

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I, John G. Jacobs, an attorney, certify that on March 31, 2011, I served the above and foregoing *Notice of Motion and Motion for Preliminary Approval of Class Action Settlement* by causing true and accurate copies of such paper to be filed and transmitted to the persons registered to receive such notice via the Court's CM/ECF electronic filing system.

 /s/  John G. Jacobs

- 18 -