# EXHIBIT 1

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement," "Agreement," or "Settlement Agreement") is entered into as of November 16, 2010. The parties to this Agreement are Mohammad Kazemi ("Kazemi" or "Plaintiff"), individually and on behalf of the Settlement Class (the "Class" or the "Settlement Class") defined below, on the one hand, and Payless ShoeSource, Inc. ("Payless" or "Defendant"), on the other. Plaintiff and Defendant are collectively referred to herein as the "Parties." This Settlement Agreement is intended by the Parties to fully, finally and forever resolve, discharge and settle the Released Claims (as the term is defined below), upon and subject to the terms and conditions of this Settlement Agreement, and subject to the final approval of the Court.

## RECITALS

A.      Plaintiff alleges that in 2009, he received two or more Short Message Service ("SMS") text messages, promoting the sale of Payless products (the "text messages"). Plaintiff alleges that such text messages were sent to him without his prior express consent.

B.      On or about October 29, 2009, Plaintiff brought a putative class action styled *Mohammad Kazemi vs. Payless ShoeSource, Inc. et. al.* in the United States District Court in the Northern District of California, case number CV09-5142 (the "Action") against Payless and other defendants, claiming that the sending of the text messages was in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). The Action was assigned to the Honorable Marilyn Hall Patel. Hereafter, "the Court" shall refer to Judge Patel or any judge who shall succeed her as the Judge in this Action.

C.      In response to the complaint, Payless and the other defendants filed a motion to strike the class action allegations and to dismiss. After briefing and oral argument, on March

12, 2010, Judge Patel issued a Memorandum & Order denying the motion. *Kazemi v. Payless Shoesource, Inc., et al.,* 2010 WL 963225 (N.D. Cal. March 16, 2010).

D.    Thereafter, per the Court's scheduling order, Plaintiff initiated class certification discovery, serving document requests and notices of deposition. After Defendant provided responses to these initial discovery requests and made a partial production of documents, the Parties began to explore the possibility of settlement.   Toward this end, Payless retained Venable LLP ("Settlement Counsel") to conduct settlement negotiations on its behalf.

E.    The Parties did not engage in any direct settlement talks. Instead, they agreed to conduct a mediation before the Honorable Nicholas H. Politan (ret.) in New York City in November 2010. The other defendants participated in the mediation as well. The Parties exchanged pre-mediation information requests and provided the requested information. Thereafter, the Parties exchanged two rounds of detailed mediation briefing in advance of the mediation, focusing on the strengths and weaknesses of each side's position on the key issues of liability and class certification dividing the Parties.

F.    For two full days on November 15 and 16, 2010, the Parties engaged in mediation proceedings with Judge Politan at the New York City offices of Payless's Settlement Counsel. At the mediation, Plaintiff was represented by two of his counsel. Payless was represented by Settlement Counsel and in-house counsel. Defendant Voice-mail Broadcasting Corporation ("VMBC") also participated, and was represented by outside counsel and company officials.   In the evening of November 16, 2010, the Parties reached agreement on the terms of the settlement further described herein, and executed a memorandum of understanding at that time, signed by Plaintiff and a company official of Payless.

G.     At all times, Payless and the other defendants have denied and continue to deny any wrongdoing whatsoever and have denied and continue to deny that they committed, or threatened or attempted to commit, any wrongful act or violation of law or duty alleged in the Action, and contend that they have acted properly in all regards in connection with the preparation and dissemination of the text messages in question. Payless and the other defendants also deny: (1) each and every claim and contention alleged by Plaintiff in the Action; (2) all charges of wrongdoing or liability against any of them arising out of any conduct, statements, acts or omissions alleged in the Action; and (3) that Plaintiff or the Settlement Class is entitled to any form of damages or other relief based on the conduct alleged in the Action. In addition, Payless and the other defendants maintain that they have meritorious defenses to the claims alleged in the Action and that they were prepared to vigorously oppose class certification and the Action. Nonetheless, taking into account the uncertainty and risks inherent in any litigation, Payless has concluded, and the other defendants agree, that further defense of the Action would be protracted, risky, burdensome, and expensive, and that it is desirable and beneficial to them that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Agreement. This Agreement is a compromise, and the Agreement, any related documents, and any negotiations resulting in it shall not be construed as or deemed to be evidence of or an admission or concession of any liability or wrongdoing on the part of Payless, or any of the Released Parties (defined below), with respect to any claim of any fault or liability or wrongdoing or damage whatsoever.

H.     Plaintiff believes that the claims asserted in the Action have merit. Nonetheless, Plaintiff and Class Counsel recognize and acknowledge the risk, expense and length of continued prosecution of the Action against Payless and the other defendants through trial and any

subsequent appeals. Plaintiff and Class Counsel also have taken into account the uncertain outcome and risks of any litigation, especially in complex actions, as well as the difficulties and delays inherent in such litigation. Therefore, Plaintiff believes that it is desirable that the Released Claims be fully and finally compromised, settled and resolved with prejudice, and barred pursuant to the terms set forth herein. Based on their evaluation, Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle the claims raised in the Action pursuant to the terms and provisions of this Agreement.

I. The Parties agree that the Action was resolved in good faith, following arms' length bargaining presided over by a neutral and highly experienced mediator, and that the settlement reflected herein confers substantial benefits upon the Parties, and each of them.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff, the Settlement Class, and each of them, and Defendant, by and through their respective undersigned counsel that, subject to final approval of the Court after a hearing or hearings as provided for in this Settlement Agreement, in consideration of the benefits flowing to the Parties from the Settlement set forth herein, that the Action and the Released Claims shall be finally and fully compromised, settled and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

AGREEMENT

1. **Full Disposition**. The obligations incurred by Defendant pursuant to this Agreement shall be a full and final disposition of the Action and any and all Released Claims, as against all Released Parties. Upon the Effective Date, the Releasing Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released,

relinquished and discharged the Released Parties, and each of them, from all Released Claims and Unknown Claims.

2. **Joint Submission for Preliminary Approval.** Promptly after the execution of this Settlement Agreement, Plaintiff's counsel and Defendant's counsel shall jointly submit this Agreement together with its Exhibits to the Court and shall move the Court for preliminary approval of the Settlement set forth in this Agreement, certification of a class for settlement purposes only, appointment of Plaintiff's counsel as Class Counsel and Plaintiff as Class Representative, and entry of the Preliminary Approval Order substantially in the form of Exhibit A hereto, which order shall set a Final Approval Hearing date and approve the Class Notice and Claim Form for dissemination in accordance with the Notice Plan, substantially in the form of the Exhibits hereto.

3. **Class Certification and Definition.** Defendant stipulates to the certification of a Settlement Class. Such certification shall be for settlement purposes only, and in the event that for any reason approval of this Settlement does not become Final as further defined herein, then such certification shall become null and void, and no Party shall be affected in any way by such prior certification. The Settlement Class shall consist of (a) Plaintiff, and (b) all persons who received one or more SMS text messages from or on behalf of Payless ShoeSource, Inc. during the period from October 29, 2005 through October 4, 2010 ("Class Period") (collectively "Class Members"). The Class Representative of the Settlement Class shall be Plaintiff Mohammad Kazemi, and Class Counsel shall be John G. Jacobs, Jeffrey F. Keller, Bryan G. Kolton and Carey G. Been.

4. **Notice.** Subject to the Court's granting preliminary approval of the settlement, the Parties agree that notice of the proposed Settlement is to be given to Class

Members by way of email notice, internet website notice, in-store notice and notification on register receipts for purchases ("Notice Plan"), as follows:

    a. **Email Notice.** For all Class Members for whom Payless or VMBC has a valid email address, such Class Members shall be sent via email a notice substantially in the form of Exhibit B hereto. Such email notice shall be sent by the Settlement Administrator within 10 business days following the date on which the Court grants the Preliminary Approval Order.

    b. **Settlement Website Notice.** The Settlement Administrator shall have constructed and activated a Settlement Website, which the Settlement Administrator will support with Google Adwords, and which website shall remain active until 90 days following the Effective Date of the settlement, as further defined herein. The Settlement Website shall contain in both English and Spanish the notice substantially in the form of Exhibit C hereto ("Class Notice"), as well as copies of the Complaint and Settlement Agreement, and shall provide the opportunity to file a claim form online or print out and mail a claim form substantially in the form of Exhibit D hereto ("Claim Form"). The Settlement Website shall be posted within 10 business days following the date on which the Courts grants the Preliminary Approval Order.

    c. **Payless Website Notice.** Payless shall include on the landing page for www.payless.com, above the global links appearing at the bottom of the screen, a conspicuous notice that states, "Payless settles text messaging class action lawsuit. If you received a text message from Payless between 01/01/08-10/04/10 visit www.paylesstextsettlement.com or call (800) xxx-xxxx to see if you are

eligible to receive a merchandise certificate worth up to $25." Such notice shall be posted within 21 business days following the date on which the Court grants the Preliminary Approval Order and remain posted until two days following the Claims Deadline date, as further set forth below.

d. **In-Store Notice.** Payless shall cause to be posted in all of its stores in the United States in a prominent location as close to its cash registers as practical (and clearly and conspicuously visible from the cash register), an in-store notice substantially in the form and fonts of Exhibit E hereto. Such notices shall be on posters no smaller than 7 inches by 11 inches and be posted within 21 business days following the date on which the Court grants the Preliminary Approval Order and remain posted until two days following the Claims Deadline date, as further set forth below.

e. **Notice on Register Receipts.** Payless shall cause the following text to be printed on all register receipts it gives out: "Payless settles text messaging class action lawsuit. If you received a text message from Payless between 01/01/08-10/04/10 visit www.paylesstextsettlement.com or call (800) xxx-xxxx to see if you are eligible to receive a merchandise certificate worth up to $25." Payless shall cause such text to appear on all of its U.S. store receipts within 21 business days following the date on which the Court grants the Preliminary Approval Order and continue until two days after the Claims Deadline date, as further set forth below.

5. **Class Administration.** Defendant shall pay the fees and expenses of the Settlement Administrator in providing or supervising notice as set forth in the Notice Plan above, in receiving and reviewing claims as set forth above, and in performing its functions hereunder.

The Settlement Administrator means Heffler, Radetich & Saitta LLP of Philadelphia, Pennsylvania, and any successors designated by the Parties and approved by the Court. Within 30 days of the execution of this Settlement Agreement, Payless shall provide to the Settlement Administrator a list of all cellular telephone numbers to which it sent or caused to be sent SMS text messages as well as a list of all email addresses it or VMBC has for its customers who were sent text messages.

6. **Class Financial Relief.** Within 30 days after the Effective Date, the Settlement Administrator shall send to each Class Member who files an Approved Claim, as defined below, one transferable, single-use Merchandise Certificate. Each Merchandise Certificate shall have a face value of $25, unless the total amount of Approved Claims would exceed $6 million, in which case the value of the Merchandise Certificates shall be pro-rated, so that the aggregate value of the Merchandise Certificates is $6 million. Each Merchandise Certificate shall be fully transferable, shall expire 12 months from the date of issuance, shall be good for the purchase of any item sold by Payless (at any Payless store in the United States), shall be combinable with other gift cards or certificates, shall not require the purchase of any particular product, and shall be useable for the purchase of an item selling for more than $25 (including applicable taxes) as well as items costing less than $25 (including applicable taxes). In the event that a Merchandise Certificate is used for the purchase of an item costing (including applicable taxes) less than the face value of the Merchandise Certificate, the bearer shall not receive a cash refund or a credit for the unused amount. The Merchandise Certificate shall not be valid on previous purchases. The Merchandise Certificates may be used without the purchase of an additional product. In the event that any Merchandise Certificates are returned undelivered, the Settlement Administrator shall attempt to obtain an updated address and re-send the Merchandise Certificate if an updated

address is found within 30 days. The value of any returned Merchandise Certificates after attempted re-delivery shall instead go toward the Cy Pres Contribution discussed below, but in no event will the Cy Pres Contribution exceed $5 million. In no event shall more than $6 million of Merchandise Certificates be issued.

7. **Cy Pres Contribution.** Payless shall track the dollar value of the redemption of Merchandise Certificates (including applicable taxes, the "Redemption Amount") issued to Class Members. In the event that the Redemption Amount is less than $5 million, then Payless shall make contributions to charities, as set forth herein, in an amount equal to the difference between the Redemption Amount and $5 million (the "Cy Pres Contribution"). The Cy Pres Contribution shall be in the form of Merchandise Certificates with the same terms described in paragraph 6, except that they shall have a face value of $15 and shall have an expiration date of not less than three (3) months following the date of issuance. The Cy Pres recipient(s) shall be any tax-exempt charity designated by Payless in consultation with Class Counsel and approved by the Court. If a Cy Pres Contribution is required, Payless may commence making the contributions upon the expiration of the Claims Deadline. All required Cy Pres contributions shall be made no later than two years following the expiration of the Merchandise Certificates sent to Class Members in accordance with Paragraph 6 above.

8. **Claim Procedure; Approval; Deadline.** For purposes of this Settlement, an Approved Claim is any claim submitted by a Settlement Class Member on a timely, fully completed and signed Claim Form identifying that Settlement Class Member's cellular telephone phone number that appears on the list provided to the Settlement Administrator by Payless pursuant to the provisions of Paragraph 5 hereof, or who lists an email address on the Claim Form that appears on the list of email addresses provided by Payless to the Settlement

Administrator pursuant to the provisions of Paragraph 5 hereof for which Payless also has a cell phone number listing and a last name that matches a last name provided on the claim form, or that the Parties agree should be paid or that the Court shall determine should be approved. The latest date for a claim to be submitted and considered for approval shall be the date one hundred twenty (120) days after the later of (i) the first email notice is transmitted, (ii) the in-store notice is posted, or (iii) the website notice is given in accordance with the Notice Plan ("Claims Deadline").

9. **Remedial Relief.** No later than 90 days after the Effective Date, Payless shall take the following remedial steps with regard to its text messaging program:

a. Payless shall not use any list of cell phone numbers it compiled prior to October 4, 2010 for the purpose of sending any text messages to such numbers, nor select numbers off of any such list for the sending of text messages.

b. Payless shall comply with the requirement of the TCPA and Federal Communications Commission ("FCC") regulations implementing the TCPA, 47 C.F.R. § 64.1200, as applicable to the sending of future SMS text messages as they may be amended from time to time;

c. Payless shall cause any entity through whom it causes SMS text messages to be sent to customers to compare any number to which it wishes to send a text message to Payless's internal Do Not Call list and/or any other Do Not Call list maintained by or on behalf of Payless, and to the listing of persons who have texted Payless to stop before any text messages are sent. If the customer's cellular telephone number appears on any such stop or Do Not Call list, Payless shall not send or allow to be sent any further text messages to the customer unless

and until Payless obtains that customer's prior express consent authorizing

Payless to resume sending the customer text messages.

d. Payless shall provide training to its affected personnel on compliance with the

requirements of the TCPA and the FCC's implementing regulations with respect

to text messaging.

10. **Termination Clause.** Notwithstanding anything else contained in this

Agreement, if more than five thousand (5,000) of the Class Members request exclusion from the

Settlement Class, then Payless may, in its sole discretion, notify Class Counsel in writing that it

has elected to terminate this Agreement. In order to be effective, such notification must be

provided to Class Counsel within ten days of Defendant's being informed in writing by the

Settlement Administrator that more than five thousand (5,000) members of the Settlement Class

have requested exclusion. In the event Defendant elects to terminate this Agreement under this

provision, the Parties and the Action will be returned to the *status quo ante.*

11. **Attorney' Fees, Costs and Expenses.** Class Counsel shall request the Court to

award attorneys' fees in an amount up to One Million Two Hundred Fifty Thousand Dollars

($1,250,000.00) and reimbursement of costs and expenses not to exceed Twenty Thousand

Dollars ($20,000) to be paid by Defendant in addition to all other relief called for by this

Settlement. Defendant agrees that such sums are reasonable, and will not oppose the Court's

awarding of such sums. The Parties agree that in considering the award of attorneys' fees, costs,

and expenses hereunder, the Court should consider such request on a common fund basis, and

that the common fund value should include not only the value of the minimum payout of $5

million in merchandise certificates called for by this Settlement and the maximum payout of $6

million in merchandise certificates, but also the added value of the separate payment of notice

and Settlement Administrator administration expenses, the payment of attorneys' fees, costs and expenses in addition to the payments to the Settlement Class and the value of the remedial relief provided for herein. The award by the Court of any particular amount of attorneys' fees, costs and expenses shall not affect the binding nature of this Settlement Agreement on the Parties. The award of attorneys' fees, costs and expenses approved by the Court shall be paid by Defendant within seven (7) days after the Effective Date via electronic transfer to an account designated by Class Counsel in a letter to Defendant's Counsel providing necessary information for electronic transfer. In the event that an appeal is taken from any version of the final approval of this Settlement (including with regard to attorneys' fees or any other aspect), then Payless will pay the attorneys' fees specified herein into an interest-bearing escrow account designated by Class Counsel. If the attorneys' fee award is approved on appeal, Class Counsel may withdraw the fee award plus the accompanying interest, and if the attorneys' fee award is rejected on appeal, Payless shall recover the fees paid into the account plus the accompanying interest.

12. **Incentive Award to Named Plaintiff**. In addition to any relief to which he may be entitled under the Settlement Agreement, and in recognition of his efforts on behalf of the Settlement Class, the Class Representative shall, subject to the approval of the Court, be awarded an incentive award of Five Thousand Dollars ($5,000). Such sum shall be paid to in recognition of the Plaintiff's time and effort serving as the Class Representative in this Action. Defendant shall pay such amount via check to the Class Representative, such check to be sent care of Class Counsel, within seven (7) days after the date the Court enters the Final Judgment and Order of Dismissal if there have been no objections to the Settlement, and, if there have been such objections, within ten (10) days after the Effective Date.

13. **Submission for Final Approval.** Plaintiff's counsel and Defendant's counsel shall jointly or separately petition the Court for Final approval of the Settlement as set forth in this Agreement and entry of a Final Approval Order with Prejudice substantially in the form of Exhibit F hereto.

14. **No Tax Withholdings or Advice.** Participating Settlement Class Members shall be solely responsible for the reporting and payment of any federal, state and/or local income or other tax or any other withholdings, if any, on any of the benefits conveyed pursuant to this Agreement. Payless makes no representations, and has made no representations, as to the taxability of the Merchandise Certificate to Plaintiff and the other Settlement Class members, the attorneys' fees, costs or expenses to Class Counsel, or the incentive award to Plaintiff. The Class Notice of Settlement will advise Settlement Class Members to seek their own tax advice at their own expense prior to responding to the Settlement notice, and the Parties agree that Settlement Class members will have an adequate opportunity to seek tax advice prior to responding to the Settlement notice.

15. **Agreement Subject To Final Approval.** This Agreement and all associated exhibits and attachments are made for the sole purpose of attempting to consummate the settlement of the Action on a class-wide basis. The Parties entered this Agreement in compromise of claims that were disputed in good faith. Because this action is pled as a putative class action, and because the Settlement is on a class-wide basis, this Agreement must receive preliminary and final approval by the Court. In the event that the Court does not execute and enter an order granting final approval of this Agreement, or in the event that the associated judgment does not become Final for any reason, this Agreement shall be deemed null and void *ab initio*, it shall be of no force or effect whatsoever, it shall not be referred to or used for any

purpose whatsoever, and the negotiation, terms and entry of this Agreement shall remain subject to the provisions of Federal Rule of Evidence 408, any and all statutes of a similar nature, and the mediation privilege.

## DEFINITIONS

16. **Final**. As used in this Settlement Agreement, "Final" means one business day following the latest of the following events: (i) if no appeal is filed, the expiration date of the time for filing or noticing any form of valid appeal from the Judgment; (ii) the date of a final affirmance on any appeal from a judgment granting final approval of this Agreement and dismissing the claims against defendants in the Action with prejudice in a form substantively similar to Exhibit F hereto (the "Judgment"); or (iii) the date of final dismissal with prejudice of the last pending appeal from a Judgment. Notwithstanding the foregoing, any proceeding or order, or any appeal or petition for a writ pertaining solely to the award of attorneys' fees, litigation costs, and/or incentive payments shall not, by itself, in any way delay or preclude the Judgment from becoming Final.

17. **Effective Date**. As used in this Settlement Agreement, the "Effective Date" means the first date by which all of the following events and conditions have been met and have occurred:

   a.   The Court has entered the Preliminary Approval Order;

   b.   The Court has approved the Settlement, following notice to the Settlement Class and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the Judgment, or a judgment substantially consistent with this Agreement; and

c. The Judgment has become Final, or, in the event that the Court enters an order and final judgment that is not substantively similar to Exhibit F hereto ("Alternative Judgment") and that has the consent of the Parties, such Alternative Judgment becomes Final.

18. **Releasing Parties.** As used in this Settlement Agreement, "Releasing Parties" means the Plaintiff, in his individual capacity and as the Class Representative, and each and every Settlement Class member who has not timely filed a request to be excluded from the Settlement Class or who has rescinded a previous opt-out request pursuant to the Settlement Agreement, their respective present or past heirs, executors, estates, administrators, representatives, agents, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, officers, directors, managing directors, principals, partners, members, employers, employees, agents, consultants, independent contractors, insurers, attorneys, accountants, financial and other advisors, investment bankers, underwriters, lenders, auditors, controlled and controlling persons and any other representatives of the foregoing persons or entities.

19. **Released Claims.** As used in this Settlement Agreement, "Released Claims" means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extracontractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and/or obligations (including "Unknown Claims" as defined below), whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any

jurisdiction outside the United States, against any of the Released Parties, relating to or arising

out of any fact, transactions, events, matters, occurrences, acts, disclosures, statements,

misrepresentations, omission or failure to act relating to the sending or alleged sending of SMS

text messages to persons by or on behalf of Payless ShoeSource, Inc. from October 29, 2005

through October 4, 2010 that were or could have been alleged or asserted in the Action relating

to such text messages (including, without limitation, any claims, whether direct, derivative,

representative or in any other capacity, arising under federal, state, local statutory or common

law or any other law, rule or regulations, including the law of any jurisdiction outside of the

United States) that relate in any way to any actual or alleged violation of law, misstatement or

omission, breach of duty, negligence or fraud or any other actual or alleged wrongdoing or

misconduct in connection with the sending of the said text messages; **provided, however,** that

nothing herein is meant to or shall release any claim anyone may have against VMBC

concerning any text messages other than those that are the subject of this Action that VMBC

sent on behalf of Payless or any other entity that is under common ownership or control of

Collective Brands, Inc.

 20. **Released Parties.** As used in this Settlement Agreement, "Released Parties"

means Payless ShoeSource, Inc., its parents, affiliates and subsidiaries, their predecessors and

successors in interest, and any of their heirs, executors, estates, administrators, assigns,

associates, employees, consultants, independent contractors, insurers, directors, managing

directors, officers, partners, principals, members, attorneys, accountants, financial and other

advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors,

and legal representatives, including but not limited to Collective Brands, Inc. "Released

Parties" also means VMBC, its parents, affiliates and subsidiaries, their predecessors and

successors in interest, and any of their heirs, executors, estates, administrators, assigns, associates, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, and legal representatives.

21. **Unknown Claims**. As used in this Settlement Agreement, "Unknown Claims" means claims that could have been raised in this Action and that the Plaintiff or any or all other persons and entities whose claims are being released, or any of them, does not know or suspect to exist, which, if known by him, her or it, might affect his, her or its agreement to release the Released Parties or the Released Claims or might affect his, her or its decision to agree, object or not to object to the Settlement. Upon the Effective Date, Plaintiffs and all other persons and entities whose claims are being released shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> *A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.*

Upon the Effective Date, Plaintiffs and all other persons and entities whose claims are being released, also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. Plaintiffs acknowledge that they may discover facts in addition to or different from those that they now know or believe to be

true with respect to the subject matter of this release, but that it is their intention to finally and forever to settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

## RELEASES

22. **Releases.** The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by the Releasing Parties, and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand. Subject to the Court's granting of final approval to the settlement, the Releasing Parties hereby forever release and discharge the Released Parties from the Released Claims and Unknown Claims.

23. **No Admissions.** Whether or not the Effective Date occurs, neither this Agreement nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement:

    a.  is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiffs, the deficiency of any defense that has been or could have been asserted in the Action, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

    b.  is, may be deemed, or shall be used, offered or received against Defendant, as an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

c. is, may be deemed, or shall be used, offered or received against Plaintiff or the Settlement Class, or each or any of them, as an admission, concession or evidence of, the infirmity or strength of any claims raised in the Action, the truth or falsity of any fact alleged by Defendant, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

d. is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Parties to the Settlement Agreement, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. However, the Settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement. However, if this Settlement Agreement is approved by the Court, any party or any of the Released Parties may file this Settlement Agreement and/or the Final Judgment and Order of Dismissal with Prejudice in any action that may be brought against such party or parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

e. is, may be deemed, or shall be construed against Plaintiff and the Settlement Class, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder

represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

f. is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiff and the Settlement Class, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiffs' claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

## MISCELLANEOUS PROVISIONS

24. **Document Retention.** The Parties may destroy documents associated with the administration of the Settlement one year after Final Judgment or 180 days after all benefits under the Settlement have been distributed, whichever is later.

25. **Waiver** .The waiver by one party of any breach of this Agreement by any other party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

26. **Entire Agreement.** This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any party concerning this Settlement Agreement or its *Exhibits* other than the representations, warranties and covenants contained and memorialized in such documents. This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

27. **Costs.** Except as otherwise provided herein, each Party shall bear its own costs.

28. **Authority.** Each counsel or other Person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any party hereto hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

29. **Counterparts.** This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement all exchange original signed counterparts. A complete set of original executed counterparts shall be filed with the Court.

30. **Binding Effect.** This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

31. **Retained Jurisdiction.** The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Agreement.

32. **Joint Drafting.** This Settlement Agreement is deemed to have been prepared by counsel for all Parties, as a result of arms' length negotiations among the Parties. Whereas all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one party than another.

33. **Notices.** Where this Settlement Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel: John G. Jacobs of Jacobs Kolton, Chtd., 122 South Michigan Avenue, Suite 1850, Chicago, Illinois 60603, jgjacobs@jacobskolton.com; and

Ian D. Volner of Venable, LLP, 575 7th Street NW, Washington, D.C. 20004, idvolner@venable.com.

34. **Confidentiality.** The parties shall keep the terms of this Agreement confidential and the Parties shall not release any public statement concerning this Settlement prior to the filing with the Court of the Settlement Agreement and the motion for preliminary approval of it. Prior to making any press release concerning this Settlement, the Party interested in doing so shall provide a copy of the proposed press release to the other Party for its approval, which approval shall not unreasonably or untimely be withheld.

35. **CAFA compliance.** Defendant shall timely comply with the notice provisions of CAFA (28 U.S.C. § 1715(b)) and shall at the same time provide Class Counsel with a copy of the notification given thereunder to the appropriate federal and state officials.

36. **Cooperation.** The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement. Class Counsel and Defendant's Counsel agree to cooperate with one another in seeking Court approval of the Preliminary Approval Order, the Settlement Agreement, and the Final Judgment and Order of Dismissal With Prejudice, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Settlement. In the event that a matter should arise that is not expressly addressed in this Settlement Agreement, or if the Parties disagree as to the interpretation or application of any provision of this Settlement Agreement, the Parties shall attempt to agree upon an appropriate resolution, and failing such agreement, shall abide by the

decision of the Court as to the appropriate disposition. Subject to the terms and protections of the Stipulated Protective Order For Complex Litigation entered by the Court on June 21, 2010, Payless shall provide Class Counsel with responses to reasonable interrogatories and/or document discovery to confirm the material terms of the settlement entered into herein.

37. **Exhibits:** All of the Exhibits to this Settlement Agreement are material and integral parts thereof and are fully incorporated herein by this reference as though fully set forth herein. The Exhibits are:

        a.  EXHIBIT  A - Preliminary Approval Order

        b.  EXHIBIT  B -  Email Notice

        c.  EXHIBIT  C -  Website Notice

        d.  EXHIBIT  D - Claim Form

        e.  EXHIBIT  E - In Store Notice

        f.  EXHIBIT  F - Final Approval Order

THE REST OF THE PAGE IS BLANK

SIGNATURE PAGES FOLLOW

IN WITNESS HEREOF, the Parties have executed this Agreement on the respective

dates set forth below.

Mohammad Kazemi,
Individually and of behalf
Of The Settlement Class

By: _John G. Jacobs_

Jeffrey F. Keller
Bryan G. Kolton
Carey G. Been
Counsel for Plaintiff and
The Putative Class

Date: _March 29, 2011_

Payless ShoeSource, Inc.

By: _Ian D. Volner_

Ian D. Volner

Settlement Counsel For Defendant
Payless ShoeSource, Inc.

Date: _Mo. 2 30, 2011_

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMAD KAZEMI, individually and on behalf of a class of similarly situated individuals,<br><br>        Plaintiff,<br><br>    v.<br><br>PAYLESS SHOESOURCE, INC., a Missouri corporation, COLLECTIVE BRANDS, INC., a Delaware corporation, and VOICE-MAIL BROADCASTING CORPORATION d/b/a VOICE & MOBILE BROADCAST CORPORATION a/k/a VMBC,<br><br>        Defendants. | Case No. CV09-5142 MHP<br><br>[Proposed] Preliminary Approval Order<br><br>The Honorable Marilyn Hall Patel |

## PRELIMINARY APPROVAL ORDER

On _____, 2011, the Court heard Plaintiff and Defendant Payless ShoeSource, Inc.'s joint motion for preliminary approval of the class action settlement agreement. The Court reviewed the motion, including a Settlement Agreement And Release dated as of November 16, 2010, which, together with the Exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of this matter with prejudice as to Defendant (the "Settlement Agreement"). Based upon this review, arguments of counsel and the findings below, the Court finds good cause to grant the motion.

This matter coming before the Court upon the agreement of the parties, good cause being shown, and the Court being fully advised in the premises,

## IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1.    Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2.     The parties have moved the Court for an order approving the settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice, and the Court having read and considered the Settlement Agreement and having heard the parties and being fully advised in the premises, hereby preliminarily approves the Settlement Agreement in its entirety subject to the Final Approval Hearing referred to in paragraph 20 of this Order for purposes of deciding whether to grant final approval to the said Settlement Agreement.

3.     For purposes of settlement only: (a) John G. Jacobs and Bryan G. Kolton of Jacobs Kolton, Chartered and Jeffrey F. Keller and Carey G. Been of Keller Grover, LLP are appointed Class Counsel for the Settlement Class; and (b) Mohammad Kazemi is appointed Class Representative.

4.     For purposes of settlement only, the Court certifies the following class ("the Settlement Class"): all persons who received one of more SMS text messages by or on behalf of Payless Shoesource, Inc. during the period from October 29, 2005 through October 4, 2010.

5.     The Court finds, subject to the Final Approval Hearing referred to in Paragraph 20 below, that the Settlement Agreement is fundamentally fair, adequate, and reasonable, and, solely within the context of and for the purposes of settlement only, that the Settlement Class satisfies each of the requirements of Rule 23 of the Federal Rules of Civil Procedure, specifically, that:  the Class is so numerous that joinder of all members is impracticable; there are questions of law and fact common to the Class; the claims of the Class Representative are typical of the claims of the Class; the Class Representative will

fairly and adequately protect the interests of the Class; common questions of law or fact predominate over questions affecting individual members; and a class action is a superior method for fairly and efficiently adjudicating the action.

6.     The Court finds that the parties entered into the Settlement Agreement in good faith, following arms-length negotiation, including a two-day mediation conducted by the Hon. Nicholas J. Politan (ret.).

7.     Should the Settlement Agreement not receive the Court's final approval, should final approval be reversed on appeal, or should the Settlement Agreement be terminated or otherwise fail to become effective, the Court's grant of class certification and findings shall be vacated, and the Class Representatives and the Settlement Class would once again bear the burden of establishing the propriety of class certification.  In such case, neither the certification of the Settlement Class for settlement purposes, nor any other act relating to the negotiation or execution of the Settlement Agreement shall be considered as a factor in connection with any class certification issue(s).

8.     The Court approves, as to form, manner and content, the Notice Plan specified in paragraph 4 of the Agreement,  and finds that the distribution of the Class Notice and Claim Form in the manner set forth in this paragraph 8 of this Order and the provision for notice set out in paragraph 4 of the Settlement Agreement constitute valid, due and sufficient notice to all persons entitled thereto, that such notice is the best notice practicable under the circumstances and that it constitutes due and sufficient notice to all persons entitled thereto and complies fully with the requirements of the Federal Rules of Civil Procedure and of Due Process. The parties, by agreement, may revise the Notices, Claim Forms and other

exhibits to the Settlement Agreement in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy.

9. The Court approves the request for the appointment of Heffler, Radetich & Saitta LLP of Philadelphia, Pennsylvania, as Settlement Administrator to perform the functions set out in the Settlement Agreement.

10. Within 10 business days after the entry of this Order, the Settlement Administrator is directed to cause Email and Website notice to the Settlement Class pursuant to Paragraphs 4(a) and 4(b) of the Settlement Agreement Within 21 business days after the entry of this Order, Payless shall cause its website to contain the notification specified in Paragraph 4(c) of the Settlement Agreement. Within 21 business days after the entry of this Order, Payless shall cause In-Store Notices to be posted in all of its stores in accordance with the provisions of Paragraph 4(d) of the Settlement Agreement. Within 21 business days after the entry of this Oder, Payless shall provide notice on all register receipts it gives to customers in accordance with the provisions of Paragraph 4(e) of the Settlement Agreement.

11. Settlement Class Members who wish to receive benefits under the Settlement Agreement must complete and submit a Claim Form in accordance with the instructions contained therein. All Claim Forms must be postmarked or received by the Settlement Administrator no later than xxxxx, 2011 (the "Claims Deadline Date").

12. Any Settlement Class Member who elects to be excluded or to "opt out" of the Settlement Agreement must file a written request (hereinafter "Request to Opt Out") with the Settlement Administrator, received or postmarked no later than seventy-five calendar days after the entry of this Order, _____, xxxxxxxxxxxxxxx, 2011 (the "Opt-Out/Objection Deadline"). Any Settlement Class Member so excluded shall neither be

bound by the terms of the Settlement Agreement nor entitled to any of its benefits. The Settlement Administrator will record the date of receipt of the Request to Opt Out and forward electronically all Requests to Opt Out to both Defendant and Class Counsel on a weekly basis following receipt. The Settlement Administrator shall retain copies of all written Requests to Opt Out until such time as it has completed its duties and responsibilities under the Settlement Agreement. The Request to Opt Out must be signed by the Settlement Class Member, must state that he or she is a member of the Settlement Class, must include the Settlement Class Member's name, address, and telephone number and cell phone number upon which the text message was received, and must clearly state that the person wishes to be excluded from the Action and the Settlement Agreement. The Request to Opt Out must be personally signed by the person requesting exclusion. So called "mass" or "class" opt-outs shall not be allowed. No Request to Opt Out will be valid unless the request is sent timely and in substantial compliance with the requirements of this paragraph.

13. Settlement Class Members who opt out of the Settlement Agreement will relinquish their rights to benefits under the Settlement Agreement and will not release their claims. However, Settlement Class Members who fail to submit a valid and timely Request to Opt Out on or before the date specified herein shall be bound by all terms of the Settlement Agreement and the Final Judgment And Order Of Dismissal With Prejudice, regardless of whether they have requested exclusion from the Settlement Agreement.

14. Any Settlement Class Member who submits a timely Request to Opt Out may not file an Objection to the Settlement Agreement and shall be deemed to have waived any rights or benefits under the Settlement Agreement.

15. Settlement Class Members shall be permitted to withdraw or rescind their opt-out requests by submitting a statement to the Settlement Administrator that includes their name, address, and telephone number, and that clearly states their intention to withdraw their previous Request to Opt Out of the Settlement Agreement and to now be included. Any such rescission of a prior opt-out request must be received by the Settlement Administrator no later than the Claims Deadline Date. No request to rescind a prior opt-out request will be valid unless that request is sent timely and in substantial compliance with the provisions of this paragraph.

16. The Settlement Administrator shall stamp the date received on the original of any rescission of opt-out statement and serve copies to Class Counsel and counsel for Defendants no later than five business days after receipt thereof. The Settlement Administrator shall retain copies of all rescissions of opt-out statements until such time as the Settlement Administrator is relieved of its duties and responsibilities under this Order and the Settlement Agreement.

17. Any Settlement Class Member who intends to object to the fairness, reasonableness, or adequacy of the Settlement Agreement (hereinafter "Objections") or to a judgment being entered dismissing the Action with prejudice in accordance with the terms of the Settlement Agreement, or to the attorneys' fees and expense reimbursement sought by Class Counsel in the amounts specified in the Notice and the Settlement Agreement, or to the award to the Class Representative as set forth in the Notice and the Settlement Agreement, must sign and file a written Objection no later than the Opt-Out/Objection Deadline. Any Settlement Class Member who submits a timely Request to Opt Out may not file Objections

to the Settlement and shall be deemed to have waived any rights or benefits under this Settlement Agreement.

18.     Any Objections must be filed with the Court and at the same time sent to John G. Jacobs, Jacobs Kolton, Chtd., 122 South Michigan Avenue, Suite 1850, Chicago, Illinois 60603, one of Class Counsel, and also to Defendant's Counsel, Ian D. Volner, Venable, LLP, 575 7th Street NW, Washington, D.C. 20004, no later than the Opt-Out/Objection Deadline.

19.     Settlement Class Members making Objections must set forth their full name, current address, and telephone number. Objecting Settlement Class Members must provide evidence of their membership in the Settlement Class, state in writing all Objections and the reasons therefor, provide copies of any documents relied upon for such Objections, and include a statement as to whether the Objector intends to appear at the Final Approval Hearing and whether he or she is represented by separate legal counsel and identify such counsel. Settlement Class Members who fail to file and serve timely written objections in substantial compliance with the requirements of this paragraph shall be deemed to have waived any Objections and shall be foreclosed from making any Objections (whether by appeal or otherwise) to the Settlement Agreement or to any of the subjects listed in paragraph 20 below. No objector shall be allowed to appeal the overruling of any objection or the final approval of this settlement unless the objector or his or her or its counsel has appeared in person at the Final Approval Hearing or in advance received for good cause shown the dispensation from the Court from appearing at the Final Approval Hearing.

20.     The Final Approval Hearing shall be held before this Court on _____, 2011 at _____ __.M. at the United States Courthouse, 450 Golden Gate Avenue, Courtroom

15, 18th Floor, San Francisco, California. At the hearing, the Court shall determine (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of attorneys' fees, costs and expenses to Class Counsel; and (d) whether to approve the payment of an incentive award to the Class Representative. The Court may adjourn or continue the Final Approval Hearing without further notice to members of the Settlement Class.

21. All further proceedings in the Action are ordered stayed until the Final Judgment and Order of Dismissal with Prejudice or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement.

22. Defendants Collective Brands, Inc. and Voice-mail Broadcasting Corporation are herewith dismissed without prejudice.

23. Settlement Class Members shall be bound by all determinations and judgments in the Action concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

24. If the Settlement Agreement is not approved by the Court in complete accordance with its terms, each party will have the option of having the Action revert to its status as if the Settlement Agreement had not been negotiated, made, or filed with the Court. In such event, the parties will retain all rights as if the Settlement Agreement was never agreed upon, including the dismissal provided for in paragraph 23 above.

25.     In the event that for any reason whatsoever the approval of the Settlement Agreement herein does not become Final then (i) the Settlement Agreement shall be null and void, including any provision related to the award of attorneys' fees, and shall have no further force and effect with respect to any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner or for any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of the Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) other than as expressly preserved by the Settlement Agreement in the event of its termination, the Settlement Agreement shall have no further force and effect with respect to any party and shall not be used in the Action or any other proceeding for any purpose; and (iv) any party may elect to move the Court pursuant to the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.

It is so ordered, this _____ day of _____, 2011.

Enter:

_____

# EXHIBIT B

From: Settlement Administrator

To: xxxxxxxxxx

Subject: Class Action Settlement Notice Ordered By Federal Court in *Kazemi v. Payless Shoesource, Inc.* , Case No. CV09-5142 MHP

[Body]

**IF BETWEEN OCTOBER 29, 2005 AND OCTOBER 4, 2010, YOU RECEIVED ONE OR MORE TEXT MESSAGES FROM PAYLESS SHOESOURCE, INC., YOU MAY BE ELIGIBLE TO RECEIVE A MERCHANDISE CERTIFICATE WORTH UP TO $25 FROM A CLASS ACTION SETTLEMENT**
*Para Una Notificacion en Espanol, Visitar www.paylesstextsettlement.com.*

**A PROPOSED SETTLEMENT OF THIS CLASS ACTION HAS BEEN REACHED. IF YOU ARE A CLASS MEMBER, THE PROPOSED SETTLEMENT WILL AFFECT YOUR LEGAL RIGHTS AND OBLIGATIONS.**

**A Federal Court Authorized This Notice Of Class Action Settlement. This is *NOT* A SOLICITATION. THIS IS NOT A NOTICE THAT YOU HAVE BEEN SUED. THIS IS TO NOTIFY YOU THAT YOU MAY BE ENTITLED TO BENEFITS UNDER A CLASS ACTION SETTLEMENT.**

The United States District Court for the Northern District of California authorized this notice. The Court has preliminarily approved the proposed settlement of this case, but before any benefits are paid out, the Court will hold a hearing to decide whether to give final approval to the settlement. If you qualify, you may submit a claim form to get benefits, or you can exclude yourself from the settlement, or object to the settlement. For complete information, **including deadlines by which you must act,** you should read the full notice or the Settlement Agreement, available at www.paylesstextsettlement.com. **Click here.** You have been sent this notice because the records available indicate that you may be a class member entitled to benefits. To obtain a claim form or file one online, **Click here.**

**What is the Lawsuit About?**

Plaintiff claims that unsolicited text messages promoting Payless products were sent on behalf of Defendant Payless Shoesource, Inc. to cellular telephone users between 2005 and 2010. The lawsuit alleged that the Defendant's conduct violated the Telephone Consumer Protection Act. The Defendant denies these claims. The court did not decide which party was right. The parties are settling the lawsuit to avoid the burden, costs, risk and uncertainty of continuing the case.

**How Do I Know if I am a Class Member?**

You are a class member and could get a settlement payment in the form of a single use merchandise certificate worth up to $25 good at any United States Payless store if you are a

person who received such an unwanted and unsolicited text message during the period from October 29, 2005 through October 4, 2010.

**What are the Terms of the Settlement?**

Defendant Payless Shoesource, Inc. has agreed to issue to Settlement Class members who file approved claims merchandise certificates worth up to $25 good at any Payless retail store in the United States or at www.Payless.com. If the total amount of such approved claims exceeds $6,000,000, claimants will receive merchandise certificates in a lesser proportionate amount. In the event that less than $5,000,000 is redeemed in such certificates, Payless will donate the difference in the form of $15 merchandise certificates to one or more tax-exempt charities approved by the Court. No claims will be paid until the settlement is final. Additionally, Payless will revise its procedures with respect to the sending of text messages, including not using any lists of cell phone numbers compiled prior to October 4, 2010 to send text messages. A Settlement Agreement, available at www.paylesstextsettlement.com, describes all of the details about the proposed settlement. The proposed settlement is not an admission of wrongdoing by any party.

**How Do I Ask for A Merchandise Certificate?**

You do not have to do anything to stay in the settlement class, but you must submit a claim form in order to receive a merchandise certificate. To file a claim, you must complete a claim form available on-line at www.paylesstextsettlement.com or request a claim form from the claims administrator at [toll free number]. Claim forms *must* be submitted on-line or postmarked by **[date]**.

**What are My Other Options?**

If you do not wish to be a member of the Settlement Class, you may exclude yourself by writing to the Settlement Administrator. Excluding yourself is telling the Court that you do not want to be part of the Class. If you choose to exclude yourself, you give up your right to object to the settlement, but retain your right to sue the Defendant. If you exclude yourself, you will not receive a merchandise certificate and you will have no basis to object because the case no longer affects you. Your request for exclusion *must* be postmarked or received by **[date]**.

If you stay in the class, you or your lawyer has the right to appear before the Court and object to the proposed Settlement. Your written objection must be postmarked by **[date]**. Information about where to send your objection and to whom are set forth in the full Notice and in the Settlement Agreement found at www.paylesstextsettlement.com <**click here**> . Objecting is telling the Court that you do not like something about the settlement. You can object only if you stay in the Class. Any objection **must** be received by the Court and the attorneys for the Parties no later than [date].

If you remain in the Settlement Class and the Court approves the proposed settlement, you will receive the benefits of the proposed settlement. You will also be bound by all orders and judgments of the Court and your claims against Defendant and any other released parties for

the conduct at issue in this case will be fully resolved and released. For complete information, visit www.paylesstextsettlement.com .

**Who Represents Me?**

The team of attorneys ("Class Counsel") who brought the suit on behalf of the representative plaintiff was appointed to represent you. At the final approval hearing to evaluate the fairness of the settlement, Class Counsel will request an award of attorneys' fees of $1.25 million and reimbursement of costs and expenses not to exceed $ 20,000 for their work on this case, which request Defendant has agreed is reasonable and will not oppose. In advance of the final approval hearing, Class Counsel will file a petition for such payment. The Court has also appointed the Plaintiff in this case as Class Representative, and the settlement calls for him to receive an incentive award of $5,000, subject to court approval. You may hire your own lawyer, but at your own expense.

To date, Class Counsel have not received any payment for their work in prosecuting this Action on behalf of the Settlement Class, nor have counsel been reimbursed for their out-of-pocket expenses. The fees and expenses requested by Class Counsel would compensate them for their efforts in achieving the benefits described above for the benefit of the Settlement Class and for their risk in undertaking this representation on a contingency basis.

**When will the Court Consider the Proposed Settlement?**

The Court will hold a Final Approval Hearing to determine if the proposed settlement is fair, reasonable and adequate and to consider a request from Class Counsel for attorneys' fees and expenses on [date] at [time] in Courtroom 15 on the 18th Floor of the United States Courthouse in San Francisco, California. If comments or objections have been received, the Court will consider them at this time.

For more information about the proposed Settlement and a copy of the Full Notice and a Claim Form, visit: www.paylesstextsettlement.com, call: 1-800-xxx-xxxx; write to: Settlement Administrator, [INSERT ADDRESS], or contact one of the attorneys representing the Class at Jacobs Kolton, Chtd., 122 South Michigan Avenue, Suite 1850, Chicago, Illinois 60603 (1-800-492-1939).

By Order of the Court Dated: [COURT]

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
**NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| MOHAMMAD KAZEMI, individually and on behalf of a class of similarly situated individuals, | ) | Case No. CV09-5142 MHP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Class Action Settlement Notice |
| PAYLESS SHOESOURCE, INC., a Missouri corporation, COLLECTIVE BRANDS, INC., a Delaware corporation, and VOICE-MAIL BROADCASTING CORPORATION d/b/a VOICE & MOBILE BROADCAST CORPORATION a/k/a VMBC, | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

---

## CLASS ACTION SETTLEMENT NOTICE

**IF BETWEEN THE DATES OF OCTOBER 29, 2005 AND OCTOBER 4, 2010, YOU RECEIVED ONE OR MORE PROMOTIONAL TEXT MESSAGES FROM PAYLESS SHOESOURCE, INC. YOU MAY BE ENTITLED TO A MERCHANDISE CERTIFICATE WORTH UP TO $25 AS PART OF A CLASS ACTION SETTLEMEN. YOU MUST SUBMIT A CLAIM FORM BY [CLAIMS DEADLINE].**

IMPORTANT:
PLEASE READ THIS NOTICE CAREFULLY.
IF YOU ARE A SETTLEMENT CLASS MEMBER THE PROPOSED SETTLEMENT WILL AFFECT YOUR LEGAL RIGHTS AND OBLIGATIONS. THIS NOTICE CONTAINS IMPORTANT INFORMATION ABOUT YOUR RIGHTS TO MAKE A CLAIM UNDER THE SETTLEMENT, TO EXCLUDE YOURSELF FROM IT OR TO OBJECT TO THE SETTLEMENT

*A federal court authorized this Notice and it is posted on the Web by Court order.*

A proposed settlement (the "Settlement Agreement") has been reached in this case against Payless Shoesource, Inc. ("Payless" or "Defendant"). You may be a Member of the Settlement Class and might be eligible to receive a merchandise certificate worth up to $25 if you are a person who received one or more text messages promoting Payless products between October 29, 2005 and October 4, 2010. If you are a Settlement Class Member and the Court gives final approval to the Settlement Agreement:

- You may be entitled to receive a $25 merchandise certificate (a "Settlement Payment") or a lesser *pro rata* amount if the total of all claims exceeds $6,000,000.

- You will be giving up the right to bring certain legal claims in the future, as discussed more fully below.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | If you are a Settlement Class Member and would like to receive your Settlement Payment, you must submit a Claim Form, either through the mail or by clicking >>here<< . You will be giving up legal claims against Defendant and other related entities. **Your claim must be submitted or postmarked no later than xxxxxxxxxxxx, 2011. A paper Claim Form can be downloaded by clicking >>here<<.** |
| **DO NOTHING** | If you do nothing, you will not receive your Settlement Payment. You will, however, still be giving up legal claims against Defendant and other related entities. |
| **EXCLUDE YOURSELF** | You will receive no benefits, but you will not be giving up your right to sue Defendant or related entities. |
| **OBJECT** | Write to the Court about why you don't like the Settlement Agreement and do not want it to be approved. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the Settlement Agreement. You are not required to attend any hearing in order to receive a benefit under this settlement. |

- These rights and options – **and the deadlines to exercise them** – are explained below.

- The Court in charge of this case has preliminarily approved the Settlement Agreement and must decide whether to give final approval to the Settlement Agreement. Settlement Payments will be made if the Court gives final approval to the Settlement Agreement, and if there are any appeals, after they are resolved. Please be patient.

## BASIC INFORMATION

### 1. What is this lawsuit about?

This lawsuit alleges that Payless, in violation of a federal statute, sent unwanted and unsolicited text messages to cell phone subscribers promoting Payless products.

Examples of such text messages were:

> PSST ...Payless Insider, Ur the 1st to know BOGO starts TODAY 9/29! bUY 1 Get One 1/2 off EVERYTHING 866-746-5923 or END3 to Opt-Out Txt fees apply Not @ Shopko

> Or

> Payless thnx U for giving us your number! Show 28147 & get 20% OFF ur next purchase 7/2 -7/27 866-746-5923 or END3 to opt out Txt fees may apply Excludes Shopko.

The text messages usually originated from shortcodes 242424 or 747474.

The lawsuit has been brought on behalf of a nationwide class of persons who received such messages. No court has determined the correctness of the ultimate position of any of the parties in this lawsuit. Rather, the parties have agreed to settle the lawsuit so as to avoid the uncertainties, the expense, and the diversion of resources from further litigation. This Notice is not an admission by either party as to the strength of the other's position or of any weakness in its own position.

## 2. Why is this case a class action?

In a class action, one or more people called Class Representatives (in this case, Mohammad Kazemi), sue on behalf of a group (or a "class") of people who have similar claims. After the parties reached an agreement to settle the case, the Court recognized this as a case that should be treated as a class action for settlement purposes.

## 3. Why is there a settlement?

The Court has not decided that the Plaintiff or the Defendant should win this case. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the Settlement Class Members will get compensation now rather than, if at all, years from now.

## 4. How do I know if I am part of the settlement?

As described above, the Court decided that everyone who fits this description is a Settlement Class Member:

> All persons who received one or more text messages from or on behalf of Payless Shoesource, Inc. between October 29, 2005 and October 4, 2010.

If you believe you are a Settlement Class Member, you may obtain a claim form by clicking >>**here**.<<

## 5. What can I get from the settlement?

Payless has agreed to issue a single use merchandise certificate worth up to $25 to each Settlement Class Member who files an approved claim. Each merchandise certificate will be fully transferable, shall not expire for a period of twelve months from issuance, shall be good for the purchase of any item sold by Payless (at any Payless store in the U.S.), shall be

combinable with other gift cards or certificates, shall not require the purchase of any particular product, and shall be useable for the purchase of an item selling for more than $25 as well as items costing less than $25. Such certificates shall not be valid on previous purchases. In the event that a $25 merchandise certificate is used for the purchase of an item costing less than $25 (including applicable taxes), the bearer shall not receive a cash refund or a credit for the unused amount.

If the total amount of approved claims exceeds $6,000,000, claimants will receive merchandise certificates in a lesser proportionate amount.

## 6. What other benefits are provided by the settlement?

By whatever amount the value of the merchandise certificates redeemed by Approved Claimants falls short of $5 million, Payless will donate that amount to a tax-exempt charity or charities approved by the Court in the form of $15 merchandise certificates. These charitable payments will be made within three years after the date merchandise certificates are issued to Settlement Class Members.

Additionally, upon the approval of the Settlement, as part of the Settlement, Payless will implement certain specified procedures and safeguards to protect against consumers' receiving unwanted and unsolicited text messages in the future, including not using any lists of cell phone numbers compiled prior to October 4, 2010 to send text messages.

Payless will pay all expenses of giving notice in this case and all charges and expenses of the Settlement Administrator appointed by the Court to administer notice and claims in this case.

## 7. When will I receive these benefits?

You will receive these benefits within 90 days after the Settlement Agreement has been finally approved and the time to appeal that approval to a higher court has expired and/or any appeals have been resolved in favor of the Settlement Agreement.

## 8. I want to be part of the settlement and receive these benefits, what do I do?

You must submit a timely, truthful, accurate, and properly completed Claim Form. If you do not do so, you will not receive any Settlement Payment. You may obtain a Claim Form by following the instructions below (see **Question 17, below**). You may either submit the Claim Form online by clicking >>**here**<< or you may print out the Claim Form, fill it out completely and mail it in so that it is received or postmarked no later than xxxxxxx.

## 9. What am I giving up to receive these benefits?

Unless you exclude yourself (a process that is explained in answer to Question Number 10 below), you are staying in the Settlement Class and agreeing to the Settlement Agreement. Generally, that means that you cannot sue, continue to sue, or be part of a future suit involving the claims raised in this case. In other words, you are agreeing to "release" those claims. Unless you exclude yourself, you are "releasing" these claims, regardless of whether you submit a claim or not.

The Settlement Agreement provides that "Released Claims" means "any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extracontractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and/or obligations (including "Unknown Claims" as defined below), whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States, against any of the Released Parties, relating to or arising out of any fact, transactions, events, matters, occurrences, acts, disclosures, statements, misrepresentations, omission or failure to act relating to the sending or alleged sending of SMS text messages to persons by or on behalf of Payless Shoesource, Inc. from October 29, 2005 through October 4, 2010 that were or could have been alleged or asserted in the Action relating to such text messages (including, without limitation, any claims, whether direct, derivative, representative or in any other capacity, arising under federal, state, local statutory or common law or any other law, rule or regulations, including the law of any jurisdiction outside of the United States) that relate in any way to any actual or alleged violation of law, misstatement or omission, breach of duty, negligence or fraud or any other actual or alleged wrongdoing or misconduct in connection with the sending of the said text messages; **provided, however,** that nothing herein is meant to or shall release any claim anyone may have against VMBC concerning any text messages other than those that are the subject of this Action that VMBC sent on behalf of Payless or any other entity that is under common ownership or control of Collective Brands, Inc."

You can see a complete copy of the Settlement Agreement by clicking >>**here**<<.

### Excluding Yourself from the Settlement

If you don't want to receive the benefits from the Settlement Agreement, but you want to keep any right to sue that you may have or you want to continue to sue the Defendant on your own over the claims in this case, then you must take steps to get out. This is called excluding yourself.

### 10. How do I get out of the settlement?

To exclude yourself from the Settlement Agreement, you must send a letter by mail saying that you are a member of the Settlement Class and want to be excluded from *Kazemi v. Payless Shoesource, Inc.,* Case No. CV 09-5142 MHP (N.D. Cal.). Be sure to include your name, address, your telephone number, the cellular telephone number on which you received the text message(s) in question, your signature and the title of the

case, *Kazemi v. Payless ShoeSource, Inc.* You must mail your exclusion request so that it is postmarked no later than xxxx, 2011 to

[INSERT]

In order to be valid, any request for exclusion must be received or postmarked no later than xxxxxxxxxxx, 2011.

### 11. If I exclude myself, do I still receive benefits from this settlement?

No, you will not receive anything resulting from the settlement of this case if you exclude yourself. But you will have the right to attempt to sue Defendant over the claims raised in this case, either on your own or as part of a different lawsuit. The amount of time the law gives you to sue over such claims (that is, the "statutes of limitation") may or may not have been extended because of this case; however, they will not be extended any further for you once you exclude yourself. If you want your own attorney to represent you in an individual case, the terms of such representation are a matter for you and your attorney to negotiate.

**The Lawyers Representing You**

### 12. Do I have a lawyer in this case?

The Court has approved John G. Jacobs and Bryan Kolton of Jacobs Kolton, Chtd. and Jeffrey F. Keller and Carey G. Been of Keller Grover, LLP. to be the attorneys representing the class. They are called the "Class Counsel." They believe, after conducting an extensive investigation, that the Settlement Agreement is fair, reasonable, and in the best interests of the class. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

### 13. How will the lawyers be paid?

To date, Class Counsel have not received any payment for their work in prosecuting this Action on behalf of the Settlement Class, nor have counsel been reimbursed for their out-of-pocket expenses. The fees and expenses requested by Class Counsel would compensate them for their efforts in achieving the benefits described above for the benefit of the Settlement Class and for their risk in undertaking this representation on a contingency basis.

At the Final Approval Hearing (explained below in answer to Question No. 15), Class Counsel will request an award of attorneys' fees of $1.25 million and reimbursement of costs and expenses not to exceed $20,000 for their work on this case, which request Defendant has agreed is reasonable and will not oppose. In advance of the final approval hearing, Class Counsel will file a petition for such payment. The Court may award less than this amount. Under the Settlement Agreement, any amount awarded to Class Counsel will be paid by Defendant in addition to the sums paid to Class Members.

Subject to approval by the Court, Defendant has agreed to pay $5,000 to the representative plaintiff, Mohammad Kazemi, for his services in helping to prosecute this

case.

Payment of the incentive award and attorneys' fees and expenses, the administrative costs of the Settlement Administrator and costs of providing notice will be paid by Payless in addition to the benefits provided to the members of the Settlement Class and will not reduce the benefits available to the Settlement Class members or the recipient charities.

**Objecting to the Settlement**

You can tell the Court that you don't agree with the Settlement Agreement or some part of it. Only those that remain in the Settlement Class may object to the Settlement Agreement. You cannot object if you have opted out of the Settlement Class.

### 14. How do I tell the Court that I don't like the settlement?

If you're a Settlement Class Member, you can object to the Settlement Agreement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter (or legal "brief") saying that you object to the Settlement Agreement in *Kazemi v. Payless Shoesource, Inc. et al.,* Case No. CV 09-5142 (N.D. Cal.) and clearly identify all your reasons for your objections and attach any materials you rely on for your objections. Be sure to include your name, address, the cellular telephone number on which you received the text message(s) in question, as well as your current telephone number, your signature, and the reasons you object to the Settlement Agreement. You must also specifically identify whether you received a text message of the kind described in the case and when it was received. If you want to speak at the Final Approval Hearing (explained below in answer to Question Number 15), you must say so in your objections. At the same time, you must also serve complete copies of your objection papers on both counsel for Defendant and Class Counsel. If you fail to object as specified above, you will be deemed to have waived any objections and will be barred from raising any such objections in this case or any other proceeding. Unless you or your lawyer appear in person at the Final Approval Hearing, or receive a dispensation in advance from the Court for good cause shown, you will not be permitted to appeal any aspect of any Final Order and Judgment the Court might enter.

In order to be considered, any objections must be received or postmarked no later than xxx, 2011. Any objections and supporting materials should be sent to

> Clerk of the Court
> United States District Court for the Northern District of California
> 450 Golden Gate Avenue
> 16th Floor
> San Francisco, California 94102

> AND TO:

> John G. Jacobs, Esq.
> Jacobs Kolton, Chtd.
> 122 South Michigan Avenue, Suite 1850

Chicago, Illinois 60603

AND TO:

Ian D. Volner, Esq.
Venable, LLP
575 7th Street, N.W.
Washington, D.C. 20004

## YOU MAY <u>NOT</u> DO THIS ONLINE.

### The Final Approval Hearing

The Court has preliminarily approved the Settlement Agreement and will hold a hearing to decide whether to give final approval to the Settlement Agreement. You may attend and you may ask to speak, but you don't have to.

### 15. When and where is the Final Approval Hearing?

The Court will hold the Final Approval Hearing at xxx on xxx, 2011 in courtroom 15 on the 18th Floor of the United States Courthouse at 450 Golden Gate Avenue, San Francisco, California 94102. The purpose of the hearing will be for the Court to determine whether the Settlement Agreement should be approved as fair, reasonable and adequate and in the best interests of the Class; to consider the parties' agreement that Class Counsel should be paid $1,250,000 for an award of attorneys' fees and reimbursement of costs and expenses up to $20,000; and to consider the request for an incentive awards to Mr. Kazemi in the amount of $5,000. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement Agreement that have properly been requested, as set forth above.

The hearing may be changed to a different date or time without notice.

You are not required to come to the Final Approval Hearing.

If the Court determines that the Settlement Agreement should be approved as fair, reasonable and adequate and in the best interests of the Class, any Settlement Class members who have not excluded themselves and their representatives are barred from filing any lawsuit asserting any claims against Defendant that relate to the claims discussed above.

### Getting More Information

### 16. How do I get more information?

This Notice is necessarily an incomplete summary of the Settlement Agreement and its terms. You are free to inspect the court files from 9:00 a.m. until 4:30 p.m. on weekdays at the office of the Clerk of the Court, United States District Court for the Northern District of California, 450 Golden Gate Avenue, 16th Floor, San Francisco, California

94102. You may also see a complete copy of the Settlement Agreement by clicking **here.** You can call Jacobs Kolton, Chtd., one of the law firms representing the class, toll-free at 800-492-1939 or the Settlement Administrator at 800-xxx-xxxx, if you have any questions. Before doing so, please read this full Notice carefully. You may also find additional information elsewhere on this website, including in the **FAQ** section <**click here**>.

Do not call or direct any inquiries to the Court, to Defendant or to Defendant's lawyers.

**>>Click Here to Download a Copy of the Settlement Agreement<<**

**Filing a Claim**

### 17. How do I file a claim?

To complete and submit a Claim Form online, **>>click here<<**.

You may also print the Claim Form, fill it out completely, and mail it in so that it is received or postmarked no later than xxxxxxxxxxxxx. **>>Click here<<** to download a paper Claim Form.

If you choose to file a paper Claim Form mail it only to the following address:

[INSERT]

Either format (hard copy or online filing) is acceptable. Online filing is quicker and cheaper. Please mail your Claim Form only to the address above or submit it by clicking on the link above.

**On any communication concerning this case, you should always provide a telephone number where you can be reached with any questions.**

Date: xxx, 2011

**PLEASE DO NOT CONTACT THE COURT OR COUNSEL FOR DEFENDANT ABOUT THIS NOTICE. YOU MAY CALL CLASS COUNSEL AT 800-492-1939 OR THE SETTLEMENT ADMINISTRATOR AT 800-XXX-XXXX.**

# EXHIBIT D

<u>*Kazemi vs. Payless ShoeSource, Inc. et. al. Litigation*</u> Claim Form
Northern District of California Case No. 09-CV-5142

**YOU MUST SUBMIT YOUR CLAIM FORM NO LATER THAN [DATE].**

CONTACT INFORMATION

Please type or print the following information:

Name (first, middle, and last):_____

Residential Street Address:_____

City, State, Zip Code:_____

Email Address:_____

Your Current Cellular Telephone Number:_____

Cellular Telephone Number on which you received a text message from Payless (if

different):_____

CLAIM INFORMATION

You have been provided this Claim Form because you may have received a text message from or on behalf of Payless Shoesource, Inc. during the period October 29, 2005 through October 4, 2010 promoting Payless products. If you received such a text message, you may be entitled to a settlement payment in the form of a single use merchandise certificate worth up to $25 good at any Payless store. The Court has preliminarily approved the settlement. If the Court gives its final approval, each person who submits a valid claim will receive a merchandise certificate for $25, unless the total value of claims exceeds $6,000,000, in which case, the value of each certificate will be pro-rated so that the total value of all certificates issued equals $6,000,000. A claim is not valid unless all the information requested above is provided accurately, and this Claim Form is returned by the deadline stated above. Merchandise certificates will not be mailed until approximately 30 days after approval of the settlement becomes final. Please be patient.

By submitting this Claim Form, you represent that you received one or more promotional text message(s) from or on behalf of Payless ShoeSource between October 29, 2005 and October 4, 2010 on the cellular telephone number above. Payless ShoeSource, Inc. may verify the accuracy of your claim.

If the settlement is approved, each class member, whether or not he or she submits a claim form, will release Payless ShoeSource, Inc. and all of its agents, employees and those working with it from any claims as a result of receiving any text messages that are the subject of this litigation. For a complete statement of the release as set forth in the Settlement Agreement, go to www.paylesstextsettlement.com.

**PLEASE NOTE: THIS CLAIM FORM MUST BE RECEIVED OR POSTMARKED NO LATER THAN _____ XX, 2011 IN ORDER TO BE ELIGIBLE FOR A MERCHANDISE CERTIFICATE. YOU CAN MAIL THIS CLAIM FORM TO: _____ OR SUBMIT IT ONLINE AT: www.paylesstextsettlement.com**

**If you have questions, you may call the Settlement Administrator at (800) xxx-xxxx or counsel for the class at 1-800-492-1939.**

IF SUBMITTED ELECTRONICALLY:

☐        I certify that the foregoing is true and correct to the best of my knowledge under the penalty of perjury and that checking this box constitutes my electronic signature on the date of its submission.

IF SUBMITTED BY U.S. MAIL OR FACSIMILE:

**Under penalty of perjury, I hereby certify that the foregoing is true and correct to the best of my knowledge.**

Dated:_____        Signature: _____

# EXHIBIT E

# CLASS ACTION SETTLEMENT NOTICE

## IF, BETWEEN OCTOBER 29, 2005 AND OCTOBER 4, 2010, YOU RECEIVED ONE OR MORE TEXT MESSAGES FROM PAYLESS, YOU MAY BE ELIGIBLE FOR A MERCHANDISE CERTIFICATE WORTH UP TO $25, GOOD AT ANY PAYLESS STORE AS PART OF A CLASS ACTION SETTLEMENT.

A proposed settlement has been reached in *Kazemi v. Payless Shoesource, Inc. et al.,* Case No. CV 09-5142, pending in the United States District Court for the Northern District of California. The lawsuit alleges that Payless violated a federal statute in sending text messages to people without having obtained their prior express consent. Payless denies that it did so. If you are a class member, the proposed settlement will affect your legal rights and obligations.

To receive a benefit under the settlement, you must file a claim form (by mail or online) no later than _____, 2011. To exclude yourself from the settlement, you must do so no later than _____, 2011; if you do not, you will be deemed to have released Payless and others from any claims arising from the sending of the text messages to you. You may, but are not required to, enter your appearance in the lawsuit through your own attorney, at your own expense. To object to the settlement, you must do so in writing no later than _____, 2011, and provide copies to counsel for the parties in accordance with the provisions described in the full Notice.

**GO TO WWW.PAYLESSTEXTSETTLEMENT.COM OR CALL (800) XXX-XXXX FOR COMPLETE INFORMATION AND A CLAIM FORM OR TO FILE A CLAIM ONLINE.**

You may also obtain copies of the notice and a claim form by writing the settlement administrator at:

[INSERT _____

# EXHIBIT F

| | |
|---|---|
| MOHAMMAD KAZEMI, individually and on behalf of a class of similarly situated individuals, <br><br> Plaintiff, <br><br> v. <br><br> PAYLESS SHOESOURCE, INC., a Missouri corporation, COLLECTIVE BRANDS, INC., a Delaware corporation, and VOICE-MAIL BROADCASTING CORPORATION d/b/a VOICE & MOBILE BROADCAST CORPORATION a/k/a VMBC, <br><br> Defendants. | Case No.  CV09-5142 MHP <br><br> [Proposed] Final Judgment And Order Of Dismissal With Prejudice <br><br> The Honorable Marilyn Hall Patel |

## FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter comes before the Court on Plaintiff's Motion For Final Approval Of The Class Action Settlement Agreement. In connection therewith, the Court has considered (a) the motion and supporting papers, including a Settlement Agreement and Release dated as of November 16, 2010, which, together with the Exhibits attached thereto (the "Settlement Agreement"), (b) the submission by Defendant Payless ShoeSource, Inc. in support of the said motion; (c) any objections filed or presented to the Court, (d) the parties' responses to any objections, and (e) counsel's arguments. Based upon this review, arguments of counsel and the findings below, the Court found good cause to grant the motion.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.    Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2.   This Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all Settlement Class Members.

3.   This Court previously gave its preliminary approval to the Settlement Agreement. The Court hereby gives its final approval to the settlement set forth in the Settlement Agreement, finds that said Settlement Agreement is, in all respects, fair, reasonable and adequate to, and in the best interests of, the Settlement Class, and hereby directs that it shall be effectuated in accordance with its terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth, and shall have the full force of an Order of this Court

.   4.   The notice of the settlement pursuant to the Preliminary Approval Order and the Settlement Agreement was the best notice practicable under the circumstances, including individual email notice to all members of the Settlement Class whose email addresses was available or ascertainable, the maintenance of a settlement website by the Settlement Administrator, in-store notices in Payless stores, and notification printed on register receipts for purchases. The Court finds that Defendant and the Settlement Administrator carried out their notice obligations in accordance with Paragraph 4 of the Settlement Agreement and the provisions of paragraphs 8-10 of the Preliminary Approval Order. Said notice provided valid, due and sufficient notice of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons entitled to such notice, and said notice fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and of Due Process.

5.   The Court finds that the Defendant properly and timely notified the appropriate state and federal officials of the Settlement Agreement, pursuant to the Class

Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the Defendant's notices and accompanying materials, and finds that they complied with any applicable requirements of CAFA.

6. The Settlement Class certified for settlement purposes only is defined as all persons who received one or more SMS text messages by or on behalf of Payless Shoesource, Inc. during the period from October 29, 2005 through October 4, 2010. Excluded from the Settlement Class are those persons who have submitted valid and timely requests for exclusion pursuant to the Preliminary Approval Order and the notice provided to Settlement Class Members in accordance with the provisions of the Preliminary Approval Order. Annexed hereto as Appendix 1 is a schedule of all such persons excluded from the Settlement Class.

7. Subject to the terms and conditions of the Settlement Agreement, this Court hereby dismisses the Action on the merits and with prejudice. The dismissal of defendants Collective Brands, Inc. and Voice-mail Broadcasting Corporation ("VMBC"), previously designated as without prejudice in the Preliminary Approval Order, is herewith made with prejudice.

8. Upon the Effective Date of this settlement, the Class Representative and each and every Settlement Class Member who has not timely filed a request to be excluded from the Settlement Class or who has rescinded a previous opt-out request pursuant to the Settlement Agreement, their respective present or past heirs, executors, estates, administrators, personal representatives, legatees, agents, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, officers, directors, managing directors, principals, partners, members, employers, employees, agents, consultants,

independent contractors, insurers, attorneys, accountants, financial and other advisors, investment bankers, underwriters, lenders, auditors, controlled and controlling persons and any other representatives of the foregoing persons or entities (the "Releasing Parties") shall be deemed to have released and forever discharged Defendant Payless Shoesource, Inc. and its parents, affiliates and subsidiaries, their predecessors and successors in interest, and any of their heirs, executors, estates, administrators, assigns, associates, employees, agents, consultants, independent contractors, vendors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, and persons, firms, trusts, corporations, officers, directors, other individuals or entities in which Payless Shoesource, Inc. has a controlling interest or which is related to or affiliated with any of them, including but not limited to Collective Brands, Inc., and Payless ShoeSource, Worldwide, Inc. (the "Released Parties"), of and from any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extracontractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and/or obligations (including "Unknown Claims" as defined in the Settlement Agreement), whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States, against any of the Released Parties, relating to or arising out of any fact, transactions, events, matters, occurrences, acts, disclosures, statements, misrepresentations, omission or failure to act relating to the alleged

sending of SMS text messages to persons by or on behalf of Payless Shoesource, Inc. from October 29, 2005 through October 4, 2010 that were or could have been alleged or asserted in the Action relating to such text messages. "Released Parties" also means VMBC, its parents, affiliates and subsidiaries, their predecessors and successors in interest, and any of their heirs, executors, estates, administrators, assigns, associates, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, and legal representatives. Plaintiff and all Settlement Class members who did not properly request exclusion are deemed to have released and discharged Defendant Payless ShoeSource, Inc. from all released claims under the agreement, and are further barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims; provided, however, that nothing herein is meant to or shall release any claim anyone may have against VMBC concerning any text messages other than those that are the subject of this Action that VMBC sent on behalf of Payless or any other entity that is under common ownership or control of Collective Brands, Inc.

9.     The Settlement Administrator will issue a single Merchandise Certificate to each Settlement Class Member who submitted a timely Approved Claim form as provided in the Agreement.

10.     The Court approves the payment by Defendant of attorneys' fees in the amount of $1,250,000.00 and costs and expenses in the amount of $20,000. Such payment shall be sent by wire transfer in accordance with the provisions of Paragraph 11 of the Settlement Agreement.

11.    The Court approves the payment by Defendant of $5,000.00 to representative plaintiff Mohammad Kazemi as an incentive award for taking on the risks of litigation and helping to achieve the results to be made available to the Settlement Class, in accordance with the provisions of paragraph 12 of the Settlement Agreement. Such payment shall be sent by check to Class Counsel in accordance with the provisions of paragraph 12 of the Settlement Agreement.

12.    The Parties shall bear their own costs, expenses and attorneys' fees, except as otherwise provided in the Settlement Agreement and this Order.

13.    This Court hereby directs the entry of this Final Judgment and Order of Dismissal With Prejudice based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Judgment and Order of Approval notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Settlement Agreement.

14.    This Final Judgment and Order of Dismissal With Prejudice, the Settlement Agreement, the settlement that it reflects, and any and all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, or used as an admission by or against Defendant of any fault, wrongdoing, or liability on Defendant's part, or of the validity of any Claim or of the existence or amount of damages.

15.    Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over, *inter alia*, (a) implementation, enforcement, and administration of the Settlement Agreement, including any releases in connection therewith; (b) resolution of any disputes concerning class membership or entitlement to benefits under

the terms of the Settlement Agreement; and (c) all parties hereto, for the purpose of enforcing and administering the Settlement Agreement and the Action until each and every act agreed to be performed by the parties has been performed pursuant to the Settlement Agreement.

Dated: _____, 2011

Enter:

_____
United States District Court Judge

## **Appendix 1 to the Final Judgment And Order Of Dismissal**

### PERSONS EXCLUDED FROM THE SETTLEMENT CLASS

It is so ordered, this _____ day of _____, 2011.


Enter:



_____
United States District Court Judge