UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMAD KAZEMI, individually and on behalf of a class of similarly situated individuals,<br><br>        Plaintiff,<br><br>      v.<br><br>PAYLESS SHOESOURCE, INC., *et al.*,<br><br>        Defendants.<br>_____/ | No. C-09-5142 EMC<br><br>**ORDER RE ISSUES FOR AUGUST 19, 2011 HEARING** |

      Plaintiff's motion for preliminary approval is currently set for hearing on August 19, 2011. The Court has reviewed the papers submitted by the parties with respect to that motion, including the supplemental papers filed per Judge Patel's request. Having reviewed the papers, the Court hereby orders that the parties be prepared to discuss the following issues at the August 19 hearing. In addition, where additional briefing is requested, it is so noted below. Any additional briefing shall be filed by August 12, 2011.

A.    <u>Settlement Value</u>

      Both parties have explained why Count II (*i.e.*, the alleged violation of 47 U.S.C. § 227(c)(5)) has significant weaknesses. The strength of Count I (*i.e.*, the alleged violation of § 227(b)(3)), however, has not been briefed as extensively. The parties should be prepared to address the issue of what can satisfy the "prior express consent" requirement. In addition, the parties should provide supplemental briefing on the same issue. As part of this briefing, the parties should identify whether courts other than those identified by Plaintiff on page 9 of its supplemental memorandum, *see* Docket No. 61, have addressed the issue of whether a customer's giving of his or her phone

number – "without regard to any disclosures made in connection with that" – satisfies the requirement. *Id.* (Pl.'s Memo. at 9). The parties shall also identify comparative outcomes by way of verdict or settlement of § 227(b)(3) claims . Are there any cases in which a § 227(b)(3) violations resulted in awards less than $500 per violation?

B.  Claims Process

The parties should be prepared to address the issue of why a claims procedure is needed in the instant case when, presumably, Payless has information as to whom it sent text messages. *See* Sett. Agreement ¶ 5 (providing that "Payless shall provide to the Settlement Administrator a list of all cellular telephone numbers to which it sent or caused to be sent SMS text messages as well as a list of all email addresses it or VMBC has for its customers who were sent text messages"); *id.* Ex. D (proposed claim form) (stating that, "[b]y submitting this Claim Form, you represent that you received one or more promotional text message(s) from or on behalf of Payless . . . on the cellular telephone number above").

C.  Cy Pres Contribution

The parties should be prepared to address the issue of why the cy press contribution is to be made in the form of merchandise certificates rather than cash, which would guarantee a class settlement of $5 million. In addition, the parties should be prepared to address why the merchandise certificates should have an expiration date of only three months. The parties should also be prepared to explain why "charitable payments will be made within three years after the merchandise certificates are issued to Settlement Class members." *Id.*, Ex. C (Not. at 4); what justifies such a lengthy delay in distributions to charities? Also, is the period two or three years?

Finally, Payless should provide supplemental briefing and/or evidence to support its claim that it "has experience with issuing similar certificates to charities, and the redemption rates under such programs are extremely high." Docket No. 63 (Def.'s Memo. at 12-13). Payless should clarify whether, in this past experience, the merchandise certificates have also had an expiration date of only three months.

///

///

D.  Posting of Class Notice

The parties agreed as part of the settlement that Payless would have up to 21 business days (equivalent to 29 or more calendar days) to post the class notice on its website, in its stores, and on its register receipts. *See* Sett. Agreement ¶ 4(c)-(e). Payless should be prepared to explain why it needs this length of time to post the notice. Although "[t]he latest date for a claim to be submitted and considered for approval shall be the date one hundred twenty (120) days after the later of (i) the first email notice is transmitted, (ii) the in-store notice is posted, or (iii) the website notice is given in accordance with the Notice Plan," *id.* ¶ 8, the parties contemplated that the deadline for opt-outs and objections would be seventy-five days after entry of the preliminary approval order, leaving an effective period of only 46 or less calendar days within which to act. The parties shall also provide evidence as to the number of class members who will receive direct notice by email.

E.  Proposed Deadlines

The parties should be prepared to address the proposed deadlines listed in the motion. *See* Mot. at 16-17. In particular, in addition to the deadlines discussed above, the Court has concerns about: (1) the fact that the deadline for opting out or objecting is the day before the submission of papers in support of final approval; (2) the fact that the final approval hearing is scheduled for only two weeks after the submission of papers in support of final approval; and (2) whether the final approval hearing should take place after the claims deadline.

F.  Coupon

The parties shall provide evidence as to the average price of the major categories of merchandise including shoes, handbags, belts, etc., and what percentage of Payless inventory is priced below $25.

G.  Proposed Preliminary Approval Order (Exhibit A to Settlement Agreement)

In addition, the proposed preliminary order states that "[n]o objector shall be allowed to appeal the overruling of any objection or the final approval of this settlement unless the objector or his or her counsel has appeared in person at the Final Approval hearing or in advance received for good cause shown the dispensation from the Court from appearing at the Final Approval Hearing."

*Id.*, Ex. A (Prop. Order ¶ 19). The parties should also be prepared to discuss the justification and legal authority for this provision.

H. <u>Class Notices Generally</u>

The parties should be prepared to address the issues identified as (1) and (2) in Judge Patel's order of May 6, 2011 – *i.e.*, whether *each* of the class notices should include language (1) that persons who opt out may pursue an action in small claims court and (2) that persons who remain in the class are releasing claims under not only § 227(b)(3) but also § 227(c)(5). *See* Docket No. 59 (order).

I. <u>Email Notice (Exhibit B to Settlement Agreement)</u>

The email notice contains the following language: "If you qualify, you may submit a claim form to get benefits, or you can exclude yourself from the settlement, or object to the settlement." Sett. Agreement, Ex. B at 1. As phrased, the language is arguably confusing, as it does not make clear that a class member may *both* object and submit a claim form. The parties may wish to meet and confer in advance of the hearing to determine whether they can reach agreement on alternative language. The parties shall also address whether the email notice should attach the claim form and an opt out form (or some combination thereof). (No template/form for opt out has been provided.) Further, they should address whey the addresses for submitting objections is not simply listed in the notice.

J. <u>Website Notice (Exhibit C to Settlement Agreement)</u>

The parties should be prepared to address the following issues with respect to the website notice.

(1) Like the email notice, the website notice contains arguably confusing language at page 1 and page 2. *See id.*, Ex. C at 1 ("THIS NOTICE CONTAINS IMPORTANT INFORMATION ABOUT YOUR RIGHTS TO MAKE A CLAIM UNDER THE SETTLEMENT, TO EXCLUDE YOURSELF FROM IT OR TO OBJECT TO THE SETTLEMENT."); *see also id.*, Ex. C at 2 (chart).

(2) Why does the notice not contain or link to an opt out form (or an opt out option combined with the claim form)?

4

  (3) The website notice provides that an objector must not only identify whether he or she received a text message of the kind at issue but also *when* it was received – information that a person is unlikely to remember and/or have maintained. *See id.*, Ex. C at 7. Why not simply require a statement that the text was received between October 29, 2005 to October 4, 2010 like the claim form? Why not provide a template?

  (4) Like the proposed preliminary approval order, the website notice states that an objector must either appear in person at the final approval hearing or obtain leave of the Court not to appear in person, or else forego his or her rights on appeal. *See id.*, Ex. C at 7. What is the legal authority for this?

K. In-Store Notice (Exhibit E to Settlement Agreement)

Like the email and website notices, the in-store notice does not make clear that a class member may both object and submit a claim form.

L. Miscellany

The Court takes note of the following administrative issues regarding the notices. First, the class notices need to be updated to reflect the proper case number (*i.e.*, the reassignment from Judge Patel to the undersigned). Second, the class notices need to be updated to reflect the undersigned's courtroom rather than Judge Patel's. Finally, the website notice has some formatting errors that should be addressed (*e.g.*, headings are not centered on pages 5 and 7).

  IT IS SO ORDERED.

Dated: August 4, 2011

               _____
               EDWARD M. CHEN
               United States District Judge