**(Corrected)**
## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement," "Agreement," or "Settlement Agreement") is entered into as of November 16, 2010. The parties to this Agreement are Mohammad Kazemi ("Kazemi" or "Plaintiff"), individually and on behalf of the Settlement Class (the "Class" or the "Settlement Class") defined below, on the one hand, and Payless ShoeSource, Inc. ("Payless" or "Defendant"), on the other. Plaintiff and Defendant are collectively referred to herein as the "Parties." This Settlement Agreement is intended by the Parties to fully, finally and forever resolve, discharge and settle the Released Claims (as the term is defined below), upon and subject to the terms and conditions of this Settlement Agreement, and subject to the final approval of the Court.

## RECITALS

A. Plaintiff alleges that in 2009, he received two or more Short Message Service ("SMS") text messages, promoting the sale of Payless products (the "text messages"). Plaintiff alleges that such text messages were sent to him without his prior express consent.

B. On or about October 29, 2009, Plaintiff brought a putative class action styled *Mohammad Kazemi vs. Payless ShoeSource, Inc. et. al.* in the United States District Court in the Northern District of California, case number CV09-5142 (the "Action") against Payless and other defendants, claiming that the sending of the text messages was in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). The Action was assigned to the Honorable Marilyn Hall Patel. Hereafter, "the Court" shall refer to Judge Patel or any judge who shall succeed her as the Judge in this Action. In fact, on June 6, 2011, the case was reassigned to the Honorable Edward M. Chen.

C.     In response to the complaint, Payless and the other defendants filed a motion to strike the class action allegations and to dismiss.   After briefing and oral argument, on March 12, 2010, Judge Patel issued a Memorandum & Order denying the motion.   *Kazemi v. Payless Shoesource, Inc., et al.,* 2010 WL 963225 (N.D. Cal. March 16, 2010).

D.     Thereafter, per the Court's scheduling order, Plaintiff initiated class certification discovery, serving document requests and notices of deposition.   After Defendant provided responses to these initial discovery requests and made a partial production of documents, the Parties began to explore the possibility of settlement.   Toward this end, Payless retained Venable LLP ("Settlement Counsel") to conduct settlement negotiations on its behalf.

E.     The Parties did not engage in any direct settlement talks.   Instead, they agreed to conduct a mediation before the Honorable Nicholas H. Politan (ret.) in New York City in November 2010.   The other defendants participated in the mediation as well.   The Parties exchanged pre-mediation information requests and provided the requested information. Thereafter, the Parties exchanged two rounds of detailed mediation briefing in advance of the mediation, focusing on the strengths and weaknesses of each side's position on the key issues of liability and class certification dividing the Parties.

F.     For two full days on November 15 and 16, 2010, the Parties engaged in mediation proceedings with Judge Politan at the New York City offices of Payless's Settlement Counsel. At the mediation, Plaintiff was represented by two of his counsel.   Payless was represented by Settlement Counsel and in-house counsel.   Defendant Voice-mail Broadcasting Corporation ("VMBC") also participated, and was represented by outside counsel and company officials.   In the evening of November 16, 2010, the Parties reached agreement on the terms of the settlement

further described herein, and executed a memorandum of understanding at that time, signed by Plaintiff and a company official of Payless.

G.　　At all times, Payless and the other defendants have denied and continue to deny any wrongdoing whatsoever and have denied and continue to deny that they committed, or threatened or attempted to commit, any wrongful act or violation of law or duty alleged in the Action, and contend that they have acted properly in all regards in connection with the preparation and dissemination of the text messages in question. Payless and the other defendants also deny: (1) each and every claim and contention alleged by Plaintiff in the Action; (2) all charges of wrongdoing or liability against any of them arising out of any conduct, statements, acts or omissions alleged in the Action; and (3) that Plaintiff or the Settlement Class is entitled to any form of damages or other relief based on the conduct alleged in the Action. In addition, Payless and the other defendants maintain that they have meritorious defenses to the claims alleged in the Action and that they were prepared to vigorously oppose class certification and the Action. Nonetheless, taking into account the uncertainty and risks inherent in any litigation, Payless has concluded, and the other defendants agree, that further defense of the Action would be protracted, risky, burdensome, and expensive, and that it is desirable and beneficial to them that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Agreement. This Agreement is a compromise, and the Agreement, any related documents, and any negotiations resulting in it shall not be construed as or deemed to be evidence of or an admission or concession of any liability or wrongdoing on the part of Payless, or any of the Released Parties (defined below), with respect to any claim of any fault or liability or wrongdoing or damage whatsoever.

H. Plaintiff believes that the claims asserted in the Action have merit. Nonetheless, Plaintiff and Class Counsel recognize and acknowledge the risk, expense and length of continued prosecution of the Action against Payless and the other defendants through trial and any subsequent appeals. Plaintiff and Class Counsel also have taken into account the uncertain outcome and risks of any litigation, especially in complex actions, as well as the difficulties and delays inherent in such litigation. Therefore, Plaintiff believes that it is desirable that the Released Claims be fully and finally compromised, settled and resolved with prejudice, and barred pursuant to the terms set forth herein. Based on their evaluation, Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle the claims raised in the Action pursuant to the terms and provisions of this Agreement.

I. The Parties agree that the Action was resolved in good faith, following arms' length bargaining presided over by a neutral and highly experienced mediator, and that the settlement reflected herein confers substantial benefits upon the Parties, and each of them.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff, the Settlement Class, and each of them, and Defendant, by and through their respective undersigned counsel that, subject to final approval of the Court after a hearing or hearings as provided for in this Settlement Agreement, in consideration of the benefits flowing to the Parties from the Settlement set forth herein, that the Action and the Released Claims shall be finally and fully compromised, settled and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

**AGREEMENT**

1. **Full Disposition.** The obligations incurred by Defendant pursuant to this Agreement shall be a full and final disposition of the Action and any and all Released Claims, as against all Released Parties. Upon the Effective Date, the Releasing Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged the Released Parties, and each of them, from all Released Claims and Unknown Claims.

2. **Joint Submission for Preliminary Approval.** Promptly after the execution of this Settlement Agreement, Plaintiff's counsel and Defendant's counsel shall jointly submit this Agreement together with its Exhibits to the Court and shall move the Court for preliminary approval of the Settlement set forth in this Agreement, certification of a class for settlement purposes only, appointment of Plaintiff's counsel as Class Counsel and Plaintiff as Class Representative, and entry of the Preliminary Approval Order substantially in the form of Exhibit A hereto, which order shall set a Final Approval Hearing date and approve the Class Notice and Claim Form for dissemination in accordance with the Notice Plan, substantially in the form of the Exhibits hereto.

3. **Class Certification and Definition.** Defendant stipulates to the certification of a Settlement Class. Such certification shall be for settlement purposes only, and in the event that for any reason approval of this Settlement does not become Final as further defined herein, then such certification shall become null and void, and no Party shall be affected in any way by such prior certification. The Settlement Class shall consist of (a) Plaintiff, and (b) all persons who received one or more SMS text messages from or on behalf of Payless ShoeSource, Inc. during the period from October 29, 2005 through October 4, 2010 ("Class Period") (collectively "Class Members"). The Class Representative of the Settlement Class shall be Plaintiff Mohammad

Kazemi, and Class Counsel shall be John G. Jacobs, Jeffrey F. Keller, Bryan G. Kolton and Carey G. Been.

4.     **Notice.** Subject to the Court's granting preliminary approval of the settlement, the Parties agree that notice of the proposed Settlement is to be given to Class Members by way of email notice, internet website notice, in-store notice and notification on register receipts for purchases ("Notice Plan"), as follows:

     a.     **Email Notice.** For all Class Members for whom Payless or VMBC has a valid email address, such Class Members shall be sent via email a notice substantially in the form of Exhibit B hereto. Such email notice shall be sent by the Settlement Administrator within 10 business days following the date on which the Court grants the Preliminary Approval Order.

     b.     **Settlement Website Notice.** The Settlement Administrator shall have constructed and activated a Settlement Website, which the Settlement Administrator will support with Google Adwords, and which website shall remain active until 90 days following the Effective Date of the settlement, as further defined herein. The Settlement Website shall contain in both English and Spanish the notice substantially in the form of Exhibit C hereto ("Class Notice"), as well as copies of the Complaint and Settlement Agreement, and shall provide the opportunity to file a claim form online or print out and mail a claim form substantially in the form of Exhibit D hereto ("Claim Form"). The Settlement Website shall be posted within 10 business days following the date on which the Courts grants the Preliminary Approval Order.

c. **Payless Website Notice.** Payless shall include on the landing page for www.payless.com, above the global links appearing at the bottom of the screen, a conspicuous notice that states, "Payless settles text messaging class action lawsuit. If you received a text message from Payless between 10/29/04-10/04/10 visit www.paylesstextsettlement.com or call (800) xxx-xxxx to see if you are eligible to receive a merchandise certificate worth up to $25." Such notice shall be posted within 21 business days following the date on which the Court grants the Preliminary Approval Order and remain posted until two days following the Claims Deadline date, as further set forth below.

d. **In-Store Notice.** Payless shall cause to be posted in all of its stores in the United States in a prominent location as close to its cash registers as practical (and clearly and conspicuously visible from the cash register), an in-store notice substantially in the form and fonts of Exhibit E hereto. Such notices shall be on posters no smaller than 7 inches by 11 inches and be posted within 21 business days following the date on which the Court grants the Preliminary Approval Order and remain posted until two days following the Claims Deadline date, as further set forth below.

e. **Notice on Register Receipts.** Payless shall cause the following text to be printed on all register receipts it gives out: "Payless settles text messaging class action lawsuit. If you received a text message from Payless between 10/29/04-10/04/10 visit www.paylesstextsettlement.com or call (800) xxx-xxxx to see if you are eligible to receive a merchandise certificate worth up to $25." Payless shall cause such text to appear on all of its U.S. store receipts within 21 business days

following the date on which the Court grants the Preliminary Approval Order and continue until two days after the Claims Deadline date, as further set forth below.

5. **Class Administration**. Defendant shall pay the fees and expenses of the Settlement Administrator in providing or supervising notice as set forth in the Notice Plan above, in receiving and reviewing claims as set forth above, and in performing its functions hereunder. The Settlement Administrator means Heffler, Radetich & Saitta LLP of Philadelphia, Pennsylvania, and any successors designated by the Parties and approved by the Court. Within 30 days of the execution of this Settlement Agreement, Payless shall provide to the Settlement Administrator a list of all cellular telephone numbers to which it sent or caused to be sent SMS text messages as well as a list of all email addresses it or VMBC has for its customers who were sent text messages.

6. **Class Financial Relief**. Within 30 days after the Effective Date, the Settlement Administrator shall send to each Class Member who files an Approved Claim, as defined below, one transferable, single-use Merchandise Certificate. Each Merchandise Certificate shall have a face value of $25, unless the total amount of Approved Claims would exceed $6 million, in which case the value of the Merchandise Certificates shall be pro-rated, so that the aggregate value of the Merchandise Certificates is $6 million. Each Merchandise Certificate shall be fully transferable, shall expire 12 months from the date of issuance, shall be good for the purchase of any item sold by Payless (at any Payless store in the United States), shall be combinable with other gift cards or certificates, shall not require the purchase of any particular product, and shall be useable for the purchase of an item selling for more than $25 (including applicable taxes) as well as items costing less than $25 (including applicable taxes). In the event that a Merchandise Certificate is used for the purchase of an item costing (including applicable taxes) less than the

face value of the Merchandise Certificate, the bearer shall not receive a cash refund or a credit for the unused amount. The Merchandise Certificate shall not be valid on previous purchases. The Merchandise Certificates may be used without the purchase of an additional product. In the event that any Merchandise Certificates are returned undelivered, the Settlement Administrator shall attempt to obtain an updated address and re-send the Merchandise Certificate if an updated address is found within 30 days. The value of any returned Merchandise Certificates after attempted re-delivery shall instead go toward the Cy Pres Contribution discussed below, but in no event will the Cy Pres Contribution exceed $5 million. In no event shall more than $6 million of Merchandise Certificates be issued.

7. **Cy Pres Contribution**. Payless shall track the dollar value of the redemption of Merchandise Certificates (including applicable taxes, the "Redemption Amount") issued to Class Members. In the event that the Redemption Amount is less than $5 million, then Payless shall make contributions to charities, as set forth herein, in an amount equal to the difference between the Redemption Amount and $5 million (the "Cy Pres Contribution"). The Cy Pres Contribution shall be in the form of Merchandise Certificates with the same terms described in paragraph 6, except that they shall have a face value of $15 and shall have an expiration date of not less than three (3) months following the date of issuance. The Cy Pres recipient(s) shall be any tax-exempt charity designated by Payless in consultation with Class Counsel and approved by the Court. If a Cy Pres Contribution is required, Payless may commence making the contributions upon the expiration of the Claims Deadline. All required Cy Pres contributions shall be made no later than two years following the expiration of the Merchandise Certificates sent to Class Members in accordance with Paragraph 6 above.

8. **Claim Procedure; Approval; Deadline.** For purposes of this Settlement, an Approved Claim is any claim submitted by a Settlement Class Member on a timely, fully completed and signed Claim Form identifying that Settlement Class Member's cellular telephone phone number that appears on the list provided to the Settlement Administrator by Payless pursuant to the provisions of Paragraph 5 hereof, or who lists an email address on the Claim Form that appears on the list of email addresses provided by Payless to the Settlement Administrator pursuant to the provisions of Paragraph 5 hereof for which Payless also has a cell phone number listing and a last name that matches a last name provided on the claim form, or that the Parties agree should be paid or that the Court shall determine should be approved. The latest date for a claim to be submitted and considered for approval shall be the date one hundred twenty (120) days after the later of (i) the first email notice is transmitted, (ii) the in-store notice is posted, or (iii) the website notice is given in accordance with the Notice Plan ("Claims Deadline").

9. **Remedial Relief.** No later than 90 days after the Effective Date, Payless shall take the following remedial steps with regard to its text messaging program:

  a. Payless shall not use any list of cell phone numbers it compiled prior to October 4, 2010 for the purpose of sending any text messages to such numbers, nor select numbers off of any such list for the sending of text messages.

  b. Payless shall comply with the requirement of the TCPA and Federal Communications Commission ("FCC") regulations implementing the TCPA, 47 C.F.R. § 64.1200, as applicable to the sending of future SMS text messages as they may be amended from time to time;

c. Payless shall cause any entity through whom it causes SMS text messages to be sent to customers to compare any number to which it wishes to send a text message to Payless's internal Do Not Call list and/or any other Do Not Call list maintained by or on behalf of Payless, and to the listing of persons who have texted Payless to stop before any text messages are sent. If the customer's cellular telephone number appears on any such stop or Do Not Call list, Payless shall not send or allow to be sent any further text messages to the customer unless and until Payless obtains that customer's prior express consent authorizing Payless to resume sending the customer text messages.

d. Payless shall provide training to its affected personnel on compliance with the requirements of the TCPA and the FCC's implementing regulations with respect to text messaging.

10. **Termination Clause.** Notwithstanding anything else contained in this Agreement, if more than five thousand (5,000) of the Class Members request exclusion from the Settlement Class, then Payless may, in its sole discretion, notify Class Counsel in writing that it has elected to terminate this Agreement. In order to be effective, such notification must be provided to Class Counsel within ten days of Defendant's being informed in writing by the Settlement Administrator that more than five thousand (5,000) members of the Settlement Class have requested exclusion. In the event Defendant elects to terminate this Agreement under this provision, the Parties and the Action will be returned to the *status quo ante*.

11. **Attorney' Fees, Costs and Expenses.** Class Counsel shall request the Court to award attorneys' fees in an amount up to One Million Two Hundred Fifty Thousand Dollars ($1,250,000.00) and reimbursement of costs and expenses not to exceed Twenty Thousand

Dollars ($20,000) to be paid by Defendant in addition to all other relief called for by this Settlement. Defendant agrees that such sums are reasonable, and will not oppose the Court's awarding of such sums. The Parties agree that in considering the award of attorneys' fees, costs, and expenses hereunder, the Court should consider such request on a common fund basis, and that the common fund value should include not only the value of the minimum payout of $5 million in merchandise certificates called for by this Settlement and the maximum payout of $6 million in merchandise certificates, but also the added value of the separate payment of notice and Settlement Administrator administration expenses, the payment of attorneys' fees, costs and expenses in addition to the payments to the Settlement Class and the value of the remedial relief provided for herein. The award by the Court of any particular amount of attorneys' fees, costs and expenses shall not affect the binding nature of this Settlement Agreement on the Parties. The award of attorneys' fees, costs and expenses approved by the Court shall be paid by Defendant within seven (7) days after the Effective Date via electronic transfer to an account designated by Class Counsel in a letter to Defendant's Counsel providing necessary information for electronic transfer. In the event that an appeal is taken from any version of the final approval of this Settlement (including with regard to attorneys' fees or any other aspect), then Payless will pay the attorneys' fees specified herein into an interest-bearing escrow account designated by Class Counsel. If the attorneys' fee award is approved on appeal, Class Counsel may withdraw the fee award plus the accompanying interest, and if the attorneys' fee award is rejected on appeal, Payless shall recover the fees paid into the account plus the accompanying interest.

12. **Incentive Award to Named Plaintiff**. In addition to any relief to which he may be entitled under the Settlement Agreement, and in recognition of his efforts on behalf of the Settlement Class, the Class Representative shall, subject to the approval of the Court, be awarded

an incentive award of Five Thousand Dollars ($5,000).  Such sum shall be paid to in recognition of the Plaintiff's time and effort serving as the Class Representative in this Action.  Defendant shall pay such amount via check to the Class Representative, such check to be sent care of Class Counsel, within seven (7) days after the date the Court enters the Final Judgment and Order of Dismissal if there have been no objections to the Settlement, and, if there have been such objections, within ten (10) days after the Effective Date.

13. **Submission for Final Approval.**  Plaintiff's counsel and Defendant's counsel shall jointly or separately petition the Court for Final approval of the Settlement as set forth in this Agreement and entry of a Final Approval Order with Prejudice substantially in the form of Exhibit F hereto.

14. **No Tax Withholdings or Advice**.  Participating Settlement Class Members shall be solely responsible for the reporting and payment of any federal, state and/or local income or other tax or any other withholdings, if any, on any of the benefits conveyed pursuant to this Agreement.  Payless makes no representations, and has made no representations, as to the taxability of the Merchandise Certificate to Plaintiff and the other Settlement Class members, the attorneys' fees, costs or expenses to Class Counsel, or the incentive award to Plaintiff.  The Class Notice of Settlement will advise Settlement Class Members to seek their own tax advice at their own expense prior to responding to the Settlement notice, and the Parties agree that Settlement Class members will have an adequate opportunity to seek tax advice prior to responding to the Settlement notice.

15. **Agreement Subject To Final Approval**.  This Agreement and all associated exhibits and attachments are made for the sole purpose of attempting to consummate the settlement of the Action on a class-wide basis.  The Parties entered this Agreement in

compromise of claims that were disputed in good faith. Because this action is pled as a putative

class action, and because the Settlement is on a class-wide basis, this Agreement must receive

preliminary and final approval by the Court. In the event that the Court does not execute and

enter an order granting final approval of this Agreement, or in the event that the associated

judgment does not become Final for any reason, this Agreement shall be deemed null and void

*ab initio*, it shall be of no force or effect whatsoever, it shall not be referred to or used for any

purpose whatsoever, and the negotiation, terms and entry of this Agreement shall remain subject

to the provisions of Federal Rule of Evidence 408, any and all statutes of a similar nature, and

the mediation privilege.

## DEFINITIONS

16. **Final**. As used in this Settlement Agreement, "Final" means one business day

following the latest of the following events: (i) if no appeal is filed, the expiration date of the

time for filing or noticing any form of valid appeal from the Judgment; (ii) the date of a final

affirmance on any appeal from a judgment granting final approval of this Agreement and

dismissing the claims against defendants in the Action with prejudice in a form substantively

similar to Exhibit F hereto (the "Judgment"); or (iii) the date of final dismissal with prejudice of

the last pending appeal from a Judgment. Notwithstanding the foregoing, any proceeding or

order, or any appeal or petition for a writ pertaining solely to the award of attorneys' fees,

litigation costs, and/or incentive payments shall not, by itself, in any way delay or preclude the

Judgment from becoming Final.

17. **Effective Date**. As used in this Settlement Agreement, the "Effective Date"

means the first date by which all of the following events and conditions have been met and have

occurred:

a.    The Court has entered the Preliminary Approval Order;

b.    The Court has approved the Settlement, following notice to the Settlement Class and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the Judgment, or a judgment substantially consistent with this Agreement; and

c.    The Judgment has become Final, or, in the event that the Court enters an order and final judgment that is not substantively similar to Exhibit F hereto ("Alternative Judgment") and that has the consent of the Parties, such Alternative Judgment becomes Final.

18. **Releasing Parties.**  As used in this Settlement Agreement, "Releasing Parties" means the Plaintiff, in his individual capacity and as the Class Representative, and each and every Settlement Class member who has not timely filed a request to be excluded from the Settlement Class or who has rescinded a previous opt-out request pursuant to the Settlement Agreement, their respective present or past heirs, executors, estates, administrators, representatives, agents, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, officers, directors, managing directors, principals, partners, members, employers, employees, agents, consultants, independent contractors, insurers, attorneys, accountants, financial and other advisors, investment bankers, underwriters, lenders, auditors, controlled and controlling persons and any other representatives of the foregoing persons or entities.

19. **Released Claims.**  As used in this Settlement Agreement,  "Released Claims" means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action,

contracts or agreements, extracontractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and/or obligations (including "Unknown Claims" as defined below), whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States, against any of the Released Parties, relating to or arising out of any fact, transactions, events, matters, occurrences, acts, disclosures, statements, misrepresentations, omission or failure to act relating to the sending or alleged sending of SMS text messages to persons by or on behalf of Payless ShoeSource, Inc. from October 29, 2005 through October 4, 2010 that were or could have been alleged or asserted in the Action relating to such text messages (including, without limitation, any claims, whether direct, derivative, representative or in any other capacity, arising under federal, state, local statutory or common law or any other law, rule or regulations, including the law of any jurisdiction outside of the United States) that relate in any way to any actual or alleged violation of law, misstatement or omission, breach of duty, negligence or fraud or any other actual or alleged wrongdoing or misconduct in connection with the sending of the said text messages; **provided, however,** that nothing herein is meant to or shall release any claim anyone may have against VMBC concerning any text messages other than those that are the subject of this Action that VMBC sent on behalf of Payless or any other entity that is under common ownership or control of Collective Brands, Inc.

20. **Released Parties**. As used in this Settlement Agreement, "Released Parties" means Payless ShoeSource, Inc., its parents, affiliates and subsidiaries, their predecessors and successors in interest, and any of their heirs, executors, estates, administrators, assigns,

associates, employees, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, and legal representatives, including but not limited to Collective Brands, Inc. "Released Parties" also means VMBC, its parents, affiliates and subsidiaries, their predecessors and successors in interest, and any of their heirs, executors, estates, administrators, assigns, associates, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, and legal representatives.

21. **Unknown Claims**. As used in this Settlement Agreement, "Unknown Claims" means claims that could have been raised in this Action and that the Plaintiff or any or all other persons and entities whose claims are being released, or any of them, does not know or suspect to exist, which, if known by him, her or it, might affect his, her or its agreement to release the Released Parties or the Released Claims or might affect his, her or its decision to agree, object or not to object to the Settlement. Upon the Effective Date, Plaintiffs and all other persons and entities whose claims are being released shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> *A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.*

Upon the Effective Date, Plaintiffs and all other persons and entities whose claims are being released, also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. Plaintiffs acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever to settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

**RELEASES**

22. **Releases.** The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by the Releasing Parties, and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand. Subject to the Court's granting of final approval to the settlement, the Releasing Parties hereby forever release and discharge the Released Parties from the Released Claims and Unknown Claims.

23. **No Admissions.** Whether or not the Effective Date occurs, neither this Agreement nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement:

      a.   is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiffs, the deficiency of any defense that has been or could have been asserted in the

Action, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

b. is, may be deemed, or shall be used, offered or received against Defendant, as an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

c. is, may be deemed, or shall be used, offered or received against Plaintiff or the Settlement Class, or each or any of them, as an admission, concession or evidence of, the infirmity or strength of any claims raised in the Action, the truth or falsity of any fact alleged by Defendant, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

d. is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Parties to the Settlement Agreement, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. However, the Settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement. However, if this Settlement Agreement is approved by the Court, any party or any of the Released Parties may file this Settlement Agreement and/or the Final Judgment and Order of Dismissal with Prejudice in any action that may be brought against such party or parties in order to support a defense or counterclaim based on

principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

e.  is, may be deemed, or shall be construed against Plaintiff and the Settlement Class, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

f.  is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiff and the Settlement Class, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiffs' claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

## MISCELLANEOUS PROVISIONS

24. **Document Retention**.  The Parties may destroy documents associated with the administration of the Settlement one year after Final Judgment or 180 days after all benefits under the Settlement have been distributed, whichever is later.

25. **Waiver** .The waiver by one party of any breach of this Agreement by any other party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

26. **Entire Agreement**.  This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and

supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any party concerning this Settlement Agreement or its *Exhibits* other than the representations, warranties and covenants contained and memorialized in such documents. This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

27. **Costs.** Except as otherwise provided herein, each Party shall bear its own costs.

28. **Authority**. Each counsel or other Person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any party hereto hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

29. **Counterparts**. This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement all exchange original signed counterparts. A complete set of original executed counterparts shall be filed with the Court.

30. **Binding Effect**. This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

31. **Retained Jurisdiction**. The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Agreement.

32. **Joint Drafting**. This Settlement Agreement is deemed to have been prepared by counsel for all Parties, as a result of arms' length negotiations among the Parties. Whereas all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one party than another.

33. **Notices.** Where this Settlement Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel: John G. Jacobs of Jacobs Kolton, Chtd., 122 South Michigan Avenue, Suite 1850, Chicago, Illinois 60603, jgjacobs@jacobskolton.com; and Ian D. Volner of Venable, LLP, 575 7th Street NW, Washington, D.C. 20004, idvolner@venable.com.

34. **Confidentiality.** The parties shall keep the terms of this Agreement confidential and the Parties shall not release any public statement concerning this Settlement prior to the filing with the Court of the Settlement Agreement and the motion for preliminary approval of it. Prior to making any press release concerning this Settlement, the Party interested in doing so shall provide a copy of the proposed press release to the other Party for its approval, which approval shall not unreasonably or untimely be withheld.

35. **CAFA compliance**. Defendant shall timely comply with the notice provisions of CAFA (28 U.S.C. § 1715(b)) and shall at the same time provide Class Counsel with a copy of the notification given thereunder to the appropriate federal and state officials.

36. **Cooperation.** The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement. Class Counsel and Defendant's Counsel

agree to cooperate with one another in seeking Court approval of the Preliminary Approval Order, the Settlement Agreement, and the Final Judgment and Order of Dismissal With Prejudice, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Settlement. In the event that a matter should arise that is not expressly addressed in this Settlement Agreement, or if the Parties disagree as to the interpretation or application of any provision of this Settlement Agreement, the Parties shall attempt to agree upon an appropriate resolution, and failing such agreement, shall abide by the decision of the Court as to the appropriate disposition. Subject to the terms and protections of the Stipulated Protective Order For Complex Litigation entered by the Court on June 21, 2010, Payless shall provide Class Counsel with responses to reasonable interrogatories and/or document discovery to confirm the material terms of the settlement entered into herein.

37. **Exhibits:** All of the Exhibits to this Settlement Agreement are material and integral parts thereof and are fully incorporated herein by this reference as though fully set forth herein. The Exhibits are:

a. EXHIBIT A - Preliminary Approval Order

b. EXHIBIT B - Email Notice

c. EXHIBIT C - Website Notice

d. EXHIBIT D - Claim Form

e. EXHIBIT E - In Store Notice

f. EXHIBIT F - Final Approval Order

THE REST OF THE PAGE IS BLANK

SIGNATURE PAGES FOLLOW

IN WITNESS HEREOF, the Parties have executed this Agreement on the respective

dates set forth below.

Mohammad Kazemi,
Individually and of behalf
Of The Settlement Class

By: _____
    John G. Jacobs

Jeffrey F. Keller
Bryan G. Kolton
Carey G. Been
Counsel for Plaintiff and
The Putative Class

Date: _March 29, 2011_

Payless ShoeSource, Inc.

By: _____
    Ian D. Volner

Settlement Counsel For Defendant
Payless ShoeSource, Inc.

Date: _Mo. 30, 2011_