UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMAD KAZEMI, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>PAYLESS SHOESOURCE, INC., *et al.*,<br><br>Defendants.<br>_____/ | No. C-09-5142 EMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL**<br><br>**(Docket Nos. 53, 71)** |

On August 19, 2011, the Court heard Plaintiff's motion for preliminary approval of the corrected class action settlement agreement. Prior thereto, the Court received two sets of briefing from both parties responding to questions from both Judge Patel (to whom the case was originally assigned) and this Court. The Court has reviewed those memoranda as well as the motion for preliminary approval, including a corrected Settlement Agreement And Release dated as of November 16, 2010, which, together with the Exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of this matter with prejudice as to Defendant (the "Settlement Agreement"). Based on concerns raised by the Court at the August 19, 2011 hearing, the parties revised the Settlement Agreement and the attendant notices. Having reviewed the revised documents which responded to the Court's concern, arguments of counsel and the findings below, the Court finds good cause to grant the motion.

This matter coming before the Court upon the agreement of the parties, good cause being shown, and the Court being fully advised in the premises,

**IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:**

1. Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2. The parties have moved the Court for an order preliminarily approving the settlement of the Action in accordance with the revised Settlement Agreement, which, together with the revised documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice, and the Court having read and considered the Settlement Agreement and having heard the parties and being fully advised in the premises, hereby preliminarily approves the Settlement Agreement in its entirety subject to the Final Approval Hearing referred to in paragraph 20 of this Order for purposes of deciding whether to grant final approval to the said Settlement Agreement.

3. For purposes of settlement only: (a) John G. Jacobs and Bryan G. Kolton of Jacobs Kolton, Chartered and Jeffrey F. Keller and Carey G. Been of Keller Grover, LLP are appointed Class Counsel for the Settlement Class; and (b) Mohammad Kazemi is appointed Class Representative.

4. For purposes of settlement only, the Court certifies the following class ("the Settlement Class"): all persons who received one or more SMS text messages by or on behalf of Payless Shoesource, Inc. during the period from October 29, 2005 through October 4, 2010.

5. The Court finds, subject to the Final Approval Hearing referred to in Paragraph 20 below, that the relief afforded by the Settlement Agreement is within the range of that which may be found to be fundamentally fair, adequate, and reasonable. The Court also finds solely within the context of and for the purposes of settlement only, that the Settlement Class satisfies each of the requirements of Rule 23 of the Federal Rules of Civil Procedure, specifically, that: the Class is so numerous that joinder of all members is impracticable; there are questions of law and fact common to the Class; the claims of the Class Representative are typical of the claims of the Class; the Class Representative will fairly and adequately protect the interests of the Class; common questions of law or fact predominate over questions affecting individual members; and a class action is a superior method for fairly and efficiently adjudicating the action.

6. The Court finds that the parties entered into the Settlement Agreement in good faith, following arms-length negotiation, including a two-day mediation conducted by the Hon. Nicholas J. Politan (ret.).

7. Should the Settlement Agreement not receive the Court's final approval, should final approval be reversed on appeal, or should the Settlement Agreement be terminated or otherwise fail to become effective, the Court's grant of class certification and findings shall be vacated, and the Class Representatives and the Settlement Class would once again bear the burden of establishing the propriety of class certification. In such case, neither the certification of the Settlement Class for settlement purposes, nor any other act relating to the negotiation or execution of the Settlement Agreement shall be considered as a factor in connection with any class certification issue(s).

8. The Court approves, as to form, manner and content, the Notice Plan specified in paragraph 4 of the Agreement, and finds that the distribution of the Class Notice and Claim Form (as revised) in the manner set forth in this paragraph 8 of this Order and the provision for notice set out in paragraph 4 of the Settlement Agreement constitute valid, due and sufficient notice to all persons entitled thereto, that such notice is the best notice practicable under the circumstances and that it constitutes due and sufficient notice to all persons entitled thereto and complies fully with the requirements of the Federal Rules of Civil Procedure and of Due Process. The parties, by agreement, may further revise the Notices, Claim Forms and other exhibits to the Settlement Agreement in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy.

9. The Court approves the request for the appointment of Heffler, Radetich & Saitta LLP of Philadelphia, Pennsylvania, as Settlement Administrator to perform the functions set out in the Settlement Agreement.

10. Within 10 business days after the entry of this Order, the Settlement Administrator is directed to cause Email and Website notice to the Settlement Class pursuant to Paragraphs 4(a) and 4(b) of the Settlement Agreement. Within 21 business days after the entry of this Order, Payless shall cause its website to contain the notification specified in Paragraph 4(c) of the Settlement Agreement. Within 21 business days after the entry of this Order, Payless shall cause In-Store

Notices to be posted in all of its stores in accordance with the provisions of Paragraph 4(d) of the Settlement Agreement. Within 21 business days after the entry of this Order, Payless shall provide notice on all register receipts it gives to customers in accordance with the provisions of Paragraph 4(e) of the Settlement Agreement.

11. Settlement Class Members who wish to receive benefits under the Settlement Agreement must complete and submit a Claim Form in accordance with the instructions contained therein. All Claim Forms must be postmarked or received by the Settlement Administrator no later than February 6, 2012 (the "Claims Deadline Date") (approximately 120 days after Payless first provides its website notice, in-store notice, and receipt notice).

12. Any Settlement Class Member who elects to be excluded or to "opt out" of the Settlement Agreement must file a written request (hereinafter "Request to Opt Out") with the Settlement Administrator, received or postmarked no later than December 6, 2011 (the "Opt-Out/Objection Deadline") (approximately 60 days after Payless first provides its website notice, in-store notice, and receipt notice). Any Settlement Class Member so excluded shall neither be bound by the terms of the Settlement Agreement nor entitled to any of its benefits. The Settlement Administrator will record the date of receipt of the Request to Opt Out and forward electronically all Requests to Opt Out to both Defendant and Class Counsel on a weekly basis following receipt. The Settlement Administrator shall retain copies of all written Requests to Opt Out until such time as it has completed its duties and responsibilities under the Settlement Agreement. The Request to Opt Out must be signed by the Settlement Class Member, must state that he or she is a member of the Settlement Class, must include the Settlement Class Member's name, address, and telephone number and cell phone number upon which the text message was received, and must clearly state that the person wishes to be excluded from the Action and the Settlement Agreement. The Request to Opt Out must be personally signed by the person requesting exclusion. So called "mass" or "class" opt-outs shall not be allowed. No Request to Opt Out will be valid unless the request is sent timely and in substantial compliance with the requirements of this paragraph.

13. Settlement Class Members who opt out of the Settlement Agreement will relinquish their rights to benefits under the Settlement Agreement and will not release their claims. However,

4

1  Settlement Class Members who fail to submit a valid and timely Request to Opt Out on or before the
2  date specified herein shall be bound by all terms of the Settlement Agreement and the Final
3  Judgment And Order Of Dismissal With Prejudice, regardless of whether they have requested
4  exclusion from the Settlement Agreement.

5  14. Any Settlement Class Member who submits a timely Request to Opt Out may not file
6  an Objection to the Settlement Agreement and shall be deemed to have waived any rights or benefits
7  under the Settlement Agreement.

8  15. Settlement Class Members shall be permitted to withdraw or rescind their opt-out
9  requests by submitting a statement to the Settlement Administrator that includes their name, address,
10 and telephone number, and that clearly states their intention to withdraw their previous Request to
11 Opt Out of the Settlement Agreement and to now be included. Any such rescission of a prior opt-
12 out request must be received by the Settlement Administrator no later than the Claims Deadline
13 Date. No request to rescind a prior opt-out request will be valid unless that request is sent timely and
14 in substantial compliance with the provisions of this paragraph.

15 16. The Settlement Administrator shall stamp the date received on the original of any
16 rescission of opt-out statement and serve copies to Class Counsel and counsel for Defendants no
17 later than five business days after receipt thereof. The Settlement Administrator shall retain copies
18 of all rescissions of opt-out statements until such time as the Settlement Administrator is relieved of
19 its duties and responsibilities under this Order and the Settlement Agreement.

20 17. Any Settlement Class Member who intends to object to the fairness, reasonableness,
21 or adequacy of the Settlement Agreement (hereinafter "Objections") or to a judgment being entered
22 dismissing the Action with prejudice in accordance with the terms of the Settlement Agreement, or
23 to the attorneys' fees and expense reimbursement sought by Class Counsel in the amounts specified
24 in the Notice and the Settlement Agreement, or to the award to the Class Representative as set forth
25 in the Notice and the Settlement Agreement, must sign and file a written Objection no later than the
26 Opt-Out/Objection Deadline. Any Settlement Class Member who submits a timely Request to Opt
27 Out may not file Objections to the Settlement and shall be deemed to have waived any rights or
28 benefits under this Settlement Agreement.

18. Any Objections must be filed with the Court and at the same time sent to John G. Jacobs, Jacobs Kolton, Chtd., 122 South Michigan Avenue, Suite 1850, Chicago, Illinois 60603, one of Class Counsel, and also to Defendant's Counsel, Ian D. Volner, Venable, LLP, 575 7th Street NW, Washington, D.C. 20004, no later than the Opt-Out/Objection Deadline.

19. Settlement Class Members making Objections must set forth their full name, current address, and telephone number. Objecting Settlement Class members must also set forth the cellular telephone number on which the text message(s) in question was received and affirmatively identify whether he or she received a text message of the kind described in the case. Finally, Objecting Settlement Class Members must state in writing all Objections and the reasons therefor, provide copies of any documents relied upon for such Objections, and include a statement as to whether the Objector intends to appear at the Final Approval Hearing and whether he or she is represented by separate legal counsel and identify such counsel. Settlement Class Members who fail to file and serve timely written objections in substantial compliance with the requirements of this paragraph shall be deemed to have waived any Objections and shall be foreclosed from making any Objections (whether by appeal or otherwise) to the Settlement Agreement or to any of the subjects listed in paragraph 20 below. No objector shall be allowed to appeal the overruling of any objection or the final approval of this settlement unless the objector or his or her or its counsel has appeared in person at the Final Approval Hearing or in advance received for good cause shown dispensation from the Court from appearing at the Final Approval Hearing.

20. The Final Approval Hearing shall be held before this Court on March 2, 2012 at 1:30 p.m. at the United States Courthouse, 450 Golden Gate Avenue, Courtroom 5, 17th Floor, San Francisco, California. At the hearing, the Court shall determine (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of

attorneys' fees, costs and expenses to Class Counsel[1]; and (d) whether to approve the payment of an incentive award to the Class Representative. The Court may adjourn or continue the Final Approval Hearing without further notice to members of the Settlement Class. The motion for final approval shall be filed no later than February 17, 2012.

21. All further proceedings in the Action are ordered stayed until the Final Judgment and Order of Dismissal with Prejudice or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement.

22. Defendants Collective Brands, Inc. and Voice-mail Broadcasting Corporation are herewith dismissed without prejudice.

23. Settlement Class Members shall be bound by all determinations and judgments in the Action concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

24. If the Settlement Agreement is not approved by the Court in complete accordance with its terms, each party will have the option of having the Action revert to its status as if the Settlement Agreement had not been negotiated, made, or filed with the Court. In such event, the parties will retain all rights as if the Settlement Agreement was never agreed upon, including the dismissal provided for in paragraph 23 above.

25. In the event that for any reason whatsoever the approval of the Settlement Agreement herein does not become Final then (i) the Settlement Agreement shall be null and void, including any provision related to the award of attorneys' fees, and shall have no further force and effect with respect to any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner or for any purpose in any subsequent proceeding in this Action or in any other action in

---

[1] Any motion for fees, costs, or an incentive award must be timely filed within 21 business days of the date of this order (*i.e.*, at the time that Payless first provides its website notice, in-store notice, and receipt notice).

7

any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of the Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) other than as expressly preserved by the Settlement Agreement in the event of its termination, the Settlement Agreement shall have no further force and effect with respect to any party and shall not be used in the Action or any other proceeding for any purpose; and (iv) any party may elect to move the Court pursuant to the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.

This order disposes of Docket Nos. 53 and 71.

IT IS SO ORDERED.

Dated: September 6, 2011

_____
EDWARD M. CHEN
United States District Judge