IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMAD KAZEMI, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>PAYLESS SHOESOURCE, INC., a Missouri corporation, COLLECTIVE BRANDS, INC., a Delaware corporation, and VOICE-MAIL BROADCASTING CORPORATION d/b/a VOICE & MOBILE BROADCAST CORPORATION a/k/a VMBC,<br><br>Defendants. | Case No. CV09-5142 EMC<br><br>[Proposed] Final Judgment And Order Of Dismissal With Prejudice<br><br>The Honorable Edward M. Chen |

## **FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

This matter comes before the Court on Plaintiff's Motion For Final Approval Of The (corrected) Class Action Settlement Agreement. In connection therewith, the Court has considered (a) the motion and supporting papers, including a Settlement Agreement and Release dated as of November 16, 2010, which, together with the Exhibits attached thereto (the "Settlement Agreement"), (b) the submission by Defendant Payless ShoeSource, Inc. in support of the said motion; (c) any objections filed or presented to the Court, (d) the parties' responses to any objections, and (e) counsel's arguments, as well as the agreement of Defendant in open court regarding cy pres contributions, as set forth in greater detail in Paragraph 10, below. Based upon this review, arguments of counsel and the findings below, the Court found good cause to grant the motion.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

      1.     Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all Settlement Class Members.

3. This Court previously gave its preliminary approval to the Settlement Agreement. The Court hereby gives its final approval to the settlement set forth in the Settlement Agreement, finds that said Settlement Agreement as amended in open court with respect to the cy pres contributions, as set forth in Paragraph 10 below, is, in all respects, fair, reasonable and adequate to, and in the best interests of, the Settlement Class, and hereby directs that it shall be effectuated in accordance with its terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth, and shall have the full force of an Order of this Court

4. The notice of the settlement pursuant to the Preliminary Approval Order and the Settlement Agreement was the best notice practicable under the circumstances, including individual email notice to all members of the Settlement Class whose email addresses was available or ascertainable, the maintenance of a settlement website by the Settlement Administrator, in-store notices in Payless stores, and notification printed on register receipts for purchases. The Court finds that Defendant and the Settlement Administrator carried out their notice obligations in accordance with Paragraph 4 of the Settlement Agreement and the provisions of paragraphs 8-10 of the Preliminary Approval Order. Said notice provided valid, due and sufficient notice of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons entitled to such notice, and said notice fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and of Due Process.

5. The Court finds that the Defendant properly and timely notified the appropriate state and federal officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the Defendant's notices and accompanying materials, and finds that they complied with any applicable requirements of CAFA.

6. The Settlement Class certified for settlement purposes only is defined as all persons who received one or more SMS text messages by or on behalf of Payless Shoesource, Inc. during the period from October 29, 2005 through October 4, 2010. Excluded from the Settlement Class are those persons who have submitted valid and timely requests for exclusion pursuant to the Preliminary Approval Order and the notice provided to Settlement Class Members in accordance with the provisions of the Preliminary Approval Order. Annexed hereto as Appendix 1 is a schedule of all such persons excluded from the Settlement Class.

7. Subject to the terms and conditions of the Settlement Agreement, this Court hereby dismisses the Action on the merits and with prejudice. The dismissal of defendants Collective Brands, Inc. and Voice-mail Broadcasting Corporation ("VMBC"), previously designated as without prejudice in the Preliminary Approval Order, is herewith made with prejudice.

8. Upon the Effective Date of this settlement, the Class Representative and each and every Settlement Class Member who has not timely filed a request to be excluded from the Settlement Class or who has rescinded a previous opt-out request pursuant to the Settlement Agreement, their respective present or past heirs, executors, estates, administrators, personal representatives, legatees, agents, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, officers, directors, managing directors, principals, partners, members, employers, employees, agents, consultants, independent contractors, insurers, attorneys, accountants, financial and other advisors, investment bankers, underwriters, lenders, auditors, controlled and controlling persons and any other representatives of the foregoing persons or entities (the "Releasing Parties") shall be deemed to have released and forever discharged Defendant Payless Shoesource, Inc. and its parents, affiliates and subsidiaries, their predecessors and successors in interest, and any of their heirs, executors, estates, administrators, assigns, associates, employees, agents, consultants, independent contractors, vendors, insurers, directors, managing directors, officers, partners,

1  principals, members, attorneys, accountants, financial and other advisors, investment
2  bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal
3  representatives, and persons, firms, trusts, corporations, officers, directors, other individuals
4  or entities in which Payless Shoesource, Inc. has a controlling interest or which is related to
5  or affiliated with any of them, including but not limited to Collective Brands, Inc., and
6  Payless ShoeSource, Worldwide, Inc. (the "Released Parties"), of and from any and all
7  actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed,
8  suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or
9  agreements, extracontractual claims, damages, punitive, exemplary or multiplied damages,
10 expenses, costs, attorneys' fees and/or obligations (including "Unknown Claims" as defined
11 in the Settlement Agreement), whether in law or in equity, accrued or unaccrued, direct,
12 individual or representative, of every nature and description whatsoever, whether based on
13 federal, state, local, statutory or common law or any other law, rule or regulation, including
14 the law of any jurisdiction outside the United States, against any of the Released Parties,
15 relating to or arising out of any fact, transactions, events, matters, occurrences, acts,
16 disclosures, statements, misrepresentations, omission or failure to act relating to the alleged
17 sending of SMS text messages to persons by or on behalf of Payless Shoesource, Inc. from
18 October 29, 2005 through October 4, 2010 that were or could have been alleged or asserted
19 in the Action relating to such text messages. "Released Parties" also means VMBC, its
20 parents, affiliates and subsidiaries, their predecessors and successors in interest, and any of
21 their heirs, executors, estates, administrators, assigns, associates, employees, agents,
22 consultants, independent contractors, insurers, directors, managing directors, officers,
23 partners, principals, members, attorneys, accountants, financial and other advisors,
24 investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, and
25 legal representatives.  Plaintiff and all Settlement Class members who did not properly
26 request exclusion are deemed to have released and discharged Defendant Payless
27 ShoeSource, Inc. from all released claims under the agreement, and are further barred and
28

permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims; provided, however, that nothing herein is meant to or shall release any claim anyone may have against VMBC concerning any text messages other than those that are the subject of this Action that VMBC sent on behalf of Payless or any other entity that is under common ownership or control of Collective Brands, Inc.

9. The Settlement Administrator will issue a single Merchandise Certificate to each Settlement Class Member who submitted a timely Approved Claim form as provided in the Agreement.

10. Pursuant to the representations made by Defendant in open Court, Defendant shall issue Merchandise Certificates with a value of at least $15 to satisfy the Cy Pres Contribution requirement of the Settlement Agreement as defined in paragraph 7 thereof and shall issue such Merchandise Certificates in such numbers and with such frequency as Defendant reasonably determines to assure that at least 85% of the value of the Cy Pres Contribution is realized through redemption of such Merchandise Certificates. Except as otherwise specified in this paragraph, the terms of paragraph 7 of the Settlement Agreement shall remain in full force and effect.

11. The Court approves the payment by Defendant of attorneys' fees in the amount of $1,250,000.00 and costs and expenses in the amount of $20,000. Such payment shall be sent by wire transfer in accordance with the provisions of Paragraph 11 of the Settlement Agreement.

12. The Court approves the payment by Defendant of $5,000.00 to representative plaintiff Mohammad Kazemi as an incentive award for taking on the risks of litigation and helping to achieve the results to be made available to the Settlement Class, in accordance with the provisions of paragraph 12 of the Settlement Agreement. Such payment shall be sent by check to Class Counsel in accordance with the provisions of paragraph 12 of the Settlement Agreement.

13. The Parties shall bear their own costs, expenses and attorneys' fees, except as otherwise provided in the Settlement Agreement and this Order.

14. This Court hereby directs the entry of this Final Judgment and Order of Dismissal With Prejudice based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Judgment and Order of Approval notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Settlement Agreement.

15. This Final Judgment and Order of Dismissal With Prejudice, the Settlement Agreement, the settlement that it reflects, and any and all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, or used as an admission by or against Defendant of any fault, wrongdoing, or liability on Defendant's part, or of the validity of any Claim or of the existence or amount of damages.

16. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over, *inter alia*, (a) implementation, enforcement, and administration of the Settlement Agreement, including any releases in connection therewith; (b) resolution of any disputes concerning class membership or entitlement to benefits under the terms of the Settlement Agreement; and (c) all parties hereto, for the purpose of enforcing and administering the Settlement Agreement and the Action until each and every act agreed to be performed by the parties has been performed pursuant to the Settlement Agreement.

Dated: March __30__, 2012

Enter:



_____
United States
Judge Edward M. Chen

IT IS SO ORDERED

FINAL JUDGMENT AND ORDER OF
DISMISSAL WITH PREJUDICE (2D CORRECTED)   -6-   CV 09-5142 EMC

**Appendix 1 to the Final Judgment And Order Of Dismissal**

PERSONS EXCLUDED FROM THE SETTLEMENT CLASS

Marianne R. Freitas, Connecticut

It is so ordered, this _____ day of _____, 2012.

Enter:

_____
United States District Court Judge